[No. 1255-3.   Division Three.   June 23, 1975.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES F. DURHAM, *Respondent.*

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Robert N. Hackett, Jr., Chief Deputy,* for appellant.

*Robert B. Royal* and *Porter, Schwab & Royal,* for respondent (appointed counsel for appeal).

WILLIS, J.*—On February 26, 1974, the respondent was charged by information with the offense of possession of a controlled substance. He was arraigned thereon and released on his own recognizance on the next day. On March 4, 1974, the cause was set for trial on April 3, 1974.

On March 6, 1974, the respondent served a motion to suppress evidence, and such motion was thereafter set for hearing on March 25, 1974. The motion was heard on March 28, 1974, and was continued for additional hearings on April 2, 1974, and May 2, 1974. Meanwhile, the case had again been set for trial, this time for May 13, 1974. The court, on May 20, 1974, filed its memorandum decision denying the motion to suppress; the order denying such motion was not entered until June 28, 1974. At no time did either party seek a continuance.

According to the provisions of CrR 3.3(b), the respondent was entitled to a trial of the said charge against him not later than May 28, 1974, which was the 90th day after his arraignment or preliminary appearance in court.[1]

Respondent moved for an order of dismissal on July 12, 1974, and such motion was granted and a dismissal with prejudice entered by the trial court on July 18, 1974. The dismissal was granted because the respondent had not been brought to trial within the 90-day period allowed by CrR 3.3(b).

The court's order of dismissal was supported by findings of fact and conclusions of law. The findings, among other recited facts determined by the court, contained the following:

---

*Judge Robert J. Willis is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

[1]CrR 3.3(b):
"A criminal charge shall be brought to trial within 90 days following the preliminary appearance."

4. A few days prior to May 13, 1974, as a result of a conversation between the Assistant Court Administrator and the Deputy Prosecuting Attorney handling the case relative to the unfiled memorandum opinion of the hearing judge, the May 13, 1974, trial date was vacated. That defendant was not represented at this conversation. That May 28 was known by both participants to said conversation to be the ninetieth day from the date of defendant's preliminary appearance in court.

5. That the delay between March 28, 1974 and May 21, 1974 was apparently required by trial congestion to complete the hearings and decision on defendant's motion to suppress evidence.

. . . .

11. That the trial of this matter was not set within ninety (90) days of the preliminary appearance of the defendant solely by reason of action by the Court Administrator for the Yakima Superior Court.

Based on such findings, the court entered the following conclusion of law:

2. Criminal Rules for Superior Court 3.3(d)(2) does not exclude that period of time taken for the hearing and decision of defendant's motion to suppress. That the language of subparagraph (2), "Preliminary Proceedings and Trial on Another Charge," relates solely to proceedings on another charge.

The appellant contends that the time consumed in this case for the determination and disposal of respondent's motion to suppress evidence, from March 6 to May 20—a total of 74 days—should be excluded from the computation for determining whether the appellant was accorded a trial within the 90-day period following his preliminary appearance in court.

The matter is controlled by CrR 3.3(d), which reads as follows:

**(d) Excluded Periods.** The following periods shall be excluded in computing the time for trial:

(1) All proceedings relating to the competency of the defendant to stand trial.

(2) Preliminary proceedings and trial on another charge.

(3) Delay granted by the court pursuant to section (e).

(4) Delay in justice court resulting from a stipulated continuance made of record.

(5) Delay resulting from the absence of the defendant.

(6) The time between the dismissal and the refiling of the same charge.

The particular portion of the quoted rule that applies to this situation is CrR 3.3 (d) (2).

The criminal rules were developed by a task force of lawyers, judges and law school faculty working under the Washington Judicial Council. Prior to their adoption by the Supreme Court, the rules, along with the task force comments concerning them, were distributed to the bar for criticism. In preparing such rules, the task force relied heavily on the approved draft of the ABA Project on Minimum Standards for Criminal Justice (1968). Thus, the task force in the *Washington Proposed Rules of Criminal Procedure* 31 (1971) in its comment concerning CrR 3.3 (d) stated: "The *ABA Draft—Speedy Trial* § 2.3 served as the basis for this section."

It must be noted, however, that CrR 3.3 (d) (1) and (2) differ in several essential respects from the approved draft of ABA Standards Relating to Speedy Trial § 2.3 (a) (1968), which reads as follows:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals, and trial of other charges.

It will be seen that the Washington rule, unlike the approved draft of the ABA Standards Relating to Speedy Trial (1968), makes no reference to "interlocutory appeals" and omits the language "hearings on pretrial motions." The appellant urges, however, that the term "preliminary proceedings" in the language of CrR 3.3 (d) (2) "Preliminary proceedings and trial on another charge," means the same as "hearings on pretrial motions," and that

it should be construed as applying to all pretrial motions in the pending case. The respondent, on the other hand, contends that the term "preliminary proceedings" as well as the word "trial" are adjectives of the phrase "on another charge."

We believe that a proper interpretation of CrR 3.3(d)(2) is that it refers only to "preliminary proceedings" involved in, and to the "trial" of, "another charge." To accept the contrary construction would render meaningless and establish as mere surplusage CrR 3.3(d)(1) relating to proceedings to determine the defendant's competency to stand trial, for otherwise, it would be logically included within the phrase "preliminary proceedings." On the other hand, if the term "preliminary proceedings" in CrR 3.3(d)(2) referred only to such matters in "another charge," it was necessary for the rule makers to specifically set forth as an exclusion the competency proceedings mentioned in CrR 3.3(d)(1).

A rule of court must be construed so that no word, clause or sentence is superfluous, void or insignificant. *Jordan v. O'Brien*, 79 Wn.2d 406, 486 P.2d 290 (1971). The language of a rule must be given its plain meaning according to the usages of English grammar. 82 C.J.S. *Statutes* § 340 (1953). Applying these rules to CrR 3.3(d) leads only to the conclusion that the words "preliminary proceedings" relate only to the following phrase "on another charge."

In addition, the express mention of competency inquiry proceedings is evidence of an intent not to include other pretrial proceedings in the excluded periods of CrR 3.3(d). *State v. Sponburgh*, 84 Wn.2d 203, 525 P.2d 238 (1974); *State v. Thompson*, 38 Wn.2d 774, 232 P.2d 87 (1951).

A more cogent and compelling reason for this conclusion, however, rests in the fact that the construction of the rule here adopted promotes the concept of "speedy trial," which both federal and state rule makers were trying to accomplish, whereas the contrary construction would only produce delay.

The task force, in promulgating the *Washington Pro-*

posed *Rules of Criminal Procedure* (1971) stated at page 32:

> The Task Force adopted the philosophy enunciated in the ABA Draft (at 27) that: (1) the defendant can be prejudiced by delay, whatever the source; (2) such delays are contrary to the public interest in the prompt disposition of criminal cases; (3) if congestion excuses the long delays, there is lacking sufficient inducement for the state to remedy congestion; and (4) the calendar problems which arise out of trying to make maximum use of existing facilities do not ordinarily require time beyond that otherwise allowed.

In *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975), it was held that the defendant was entitled to a dismissal with prejudice of the criminal charge pending against him where he was not brought to trial within the period allowed by CrR 3.3 and no justification for noncompliance was shown. In so ruling, the court said at page 32:

> Dismissal is required under CrR 3.3(e) if the case is not brought to trial in accordance with the rule. A showing of prejudice to the defendant is unnecessary. . . .
> The purpose of the rule is to insure speedy justice in criminal cases, insofar as reasonably possible. If continuances are necessary, they should be sought or entered upon formal motion, with the reasons therefor being made a matter of record.

In his concurring opinion in *Williams*, at page 33, Judge Finley adds further emphasis to the imperative nature of the requirement for a speedy trial by citing the following constitutional provisions:

> Administration of Justice. Justice in all cases shall be administered openly, and without unnecessary delay.
> Const. art. 1, § 10.
> Rights of the Accused. In criminal prosecutions the accused shall have the right . . . to have a speedy public trial by an impartial jury . . .
> Const. art. 1, § 22.
> Constitution Mandatory. The provisions of this Consti-

tution are mandatory, unless by express words they are declared to be otherwise.
Const. art 1, § 29.

Right to Speedy Trial, Witnesses, Etc. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, . . .
U.S. Const. amend. 6.

The sole assignment of error made by the appellant is that the court erred in refusing to exclude the time taken on the motion to suppress in computing the time for trial. He has taken no exception to the findings of fact entered by the trial court, and they are therefore binding upon both this court and the appellant. *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972). As previously indicated, the trial court made findings of fact that the delay from March 28, 1974, to May 20, 1974, for the determination of the motion to suppress was apparently caused by (1) trial congestion, and (2) that the trial was not set within the required 90-day period solely by reason of the action of the court administrator. These findings are conclusive and must be accepted as verities.

The task force, in the *Washington Proposed Rules of Criminal Procedure* (1971), stated at page 32:

> [I]t is the specific policy position of the Task Force that delay arising out of chronic trial docket congestion should not be grounds to delay the bringing of a defendant to trial within the time that is specified in this rule.

It clearly appears, therefore, that the trial court found docket congestion to be an apparent cause of the delay, and that is a cause expressly rejected by the task force as an excuse for delay. There is no evidence in the record to indicate that the delay here involved was anything other than the "chronic trial docket congestion" mentioned by the task force in its comment above quoted.

It also appears that if the appellant had acted with proper dispatch after the court's ruling on the motion to suppress on May 20, the case could still have been brought to trial within the 90-day period allowed by the rule, as

that time period would not have expired until May 28. Despite such urgency, the appellant did not present to the court for its signature and entry its proposed order denying the motion to suppress until June 28, 31 days after the 90-day period had expired.

Judgment affirmed.

McInturff, C.J., and Green, J., concur.