[No. 1845-3.   Division Three.   April 1, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES
FRANCIS CHANEY, *Appellant*.

*Richard L. Cease, Public Defender,* and *Richard F.
Ayres, Jr., Assistant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *James M. Parkins, Deputy,* for respondent.

MUNSON, C.J.—Defendant James Chaney was convicted of robbery. He appeals, contending he was not brought to trial within 60 days after his preliminary appearance. CrR 3.3(c). We conclude that CrR 3.3(d)(2) applies and that the defendant's confinement on a federal charge constitutes "[p]reliminary proceedings and trial on another charge."

Defendant was arrested in Montana on a federal warrant July 17, 1975. He was brought to Spokane by the United States Marshal on July 30, 1975, and pursuant to RCW 36.63.180[1] was confined in the Spokane County Jail. On July 31, 1975, defendant was served with a state warrant for a Spokane County robbery; on August 1, 1975, he made a preliminary appearance in Spokane County District Court on that charge and also pleaded guilty to two local traffic charges.

The defendant pleaded guilty to the federal charges November 24, 1975. Pursuant to a writ of habeas corpus ad prosequendum, served on the United States Marshal September 25, 1975, the Superior Court requested delivery of the defendant to the custody of the Spokane County Sheriff at the conclusion of the federal proceedings, but prior to sentencing, for trial on the state robbery charge. On December 11, 1975, the defendant was arraigned in Superior Court on the state robbery charge. He moved for dismissal of this charge on January 7, 1976, alleging a failure to prosecute pursuant to CrR 3.3(c). The motion was denied; the defendant was tried to the court on January 8, 1976, and found guilty.

---

[1] RCW 36.63.180 states:

"County sheriffs or other officials having charge of jails shall receive and keep in their jail, where room is available, all prisoners committed thereto by process or order issued under the authority of the United States until discharged according to law, the same as if such prisoners had been committed under process issued under authority of the state if provision is made by the United States for the support of such prisoners, and for any extra guards or attendants required."

CrR 3.3(c) provides in part: "A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance." Defendant contends that since he was not brought to trial within 60 days of the preliminary appearance August 1, 1975, the robbery charge should have been dismissed with prejudice.

■ Under CrR 3.3(d) those periods of time spent in preliminary proceedings and in trial on another charge are to be excluded. From the time defendant was placed under arrest July 17, 1975, until he pleaded guilty to the federal charge November 24, 1975, he was subject to federal jurisdiction and was involved in its preliminary proceedings. The fact that he was housed in the Spokane County Jail during this time and that he did appear in state court on July 31 and August 1 is irrelevant; he was in custody pursuant to federal process. Therefore, that period of time from July 17 to November 24 is excluded in computing the time periods during which this defendant must be brought to trial on the state charges. *Cf. State v. Durham,* 13 Wn. App. 675, 679, 537 P.2d 816 (1975). Since he was brought to trial within 60 days of November 24, 1975, there was compliance with CrR 3.3.

Judgment affirmed.

GREEN and McINTURFF, JJ., concur.

Petition for rehearing denied April 21, 1977.