[No. 15825-2-I. Division One. October 6, 1986.]

THE STATE OF WASHINGTON, *Appellant*, v. DEAN ALLEN BERNHARD, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Susan Ulery, Deputy,* for appellant.

*Anna Mari Sarkanen* of *Washington Appellate Defender Association,* for respondent.

SWANSON, J.—The State of Washington appeals an order dismissing a robbery charge against Dean Allen Bernhard for failure to comply with the speedy trial provisions of CrR 3.3. The State contends that the trial court erroneously failed to exclude from the time calculations the period that Bernhard was held in Snohomish County Jail pending resolution of an unrelated criminal matter. The State also contends that Bernhard waived his objections to the arraignment and trial dates by not objecting specifically as required by CrR 3.3(e) and (f).

Unchallenged findings of fact entered by the trial court establish the following factual summary:

On July 4, 1984, defendant Dean Allen Bernhard was arrested by Lynnwood police and booked into the Snohomish County Jail; 2 days later he was charged with first degree robbery. On July 5, 1984, Lynnwood police notified King County police of statements by Bernhard implicating himself in a robbery that occurred in King County on June 29, 1984. Bernhard did not post bail and remained in custody throughout the entire period at issue in this appeal.

Detective Geis of the King County Police Department interviewed Bernhard on July 5, 1984, and obtained a written statement. On July 10 and July 11, 1984, King County police requested notification from Snohomish County officials should Bernhard be released. On July 13, 1984, Bernhard was charged by information filed in King County Superior Court with second degree robbery. Filed with the information was a "Certification for Determination of Probable Cause" that acknowledged Bernhard's detention in the Snohomish County Jail. The King County Prosecuting Attorney's office therefore had notice of Bernhard's location as of July 13, 1984.

Arraignment on the King County charge was set for July 23, 1984; because Bernhard did not appear, the arraignment judge was informed that Bernhard was in custody in Snohomish County on another matter. During late July 1984, Rafael Schwimmer, Bernhard's Snohomish County appointed counsel, contacted the King County Prosecuting Attorney's office several times regarding Bernhard's desire to have the King County and Snohomish County matters resolved jointly. He was informed that no action would be taken on the King County charge, pursuant to CrR 3.3(g)(2) until the charge in Snohomish County was resolved. Schwimmer informed King County officials of his concern for Bernhard's speedy trial rights. Schwimmer made no attempt to have counsel appointed for Bernhard in King County; nor did he have any contact with the Prosecuting Attorney's office after August 23, 1984.

On August 23, 1984, an omnibus hearing was held on the Snohomish County charge; Bernhard pleaded guilty to one count of second degree robbery. On September 18, 1984, the King County Prosecutor's office prepared an order for transportation of Bernhard to King County. At this time, Bernhard was awaiting sentencing on the robbery conviction. He was transported on September 20, 1984.

On September 21, 1984, Bernhard was arraigned in King County Superior Court on the King County robbery charge, 70 days after the filing of the information. Bernhard did not have appointed counsel at the arraignment but was represented by R. Stewart Bock, the duty counsel who represented all unrepresented defendants on the arraignment calendar. Bock orally objected to the date of arraignment, but made no written objection and did not state the basis of the objection. On September 25, 1984, Kim Koenig was assigned to represent Bernhard. On October 5, 1984, Bernhard appeared for his omnibus hearing. Trial was scheduled for November 9, 1984. At this time, Bernhard's counsel objected orally and in writing to the arraignment date and to the trial date and moved for a trial date within the provisions of CrR 3.3. The basis of the motion was not stated. A motion to dismiss was scheduled for hearing on October 31, 1984, but was postponed at the request of the State until November 7 and 8, 1984. Following a hearing, the trial court granted Bernhard's motion and dismissed the robbery charge.

We begin our analysis with a determination of the proper speedy trial period. Although no specific findings or conclusions were entered, the record is clear that both parties and the trial court assumed that the 60–day period applied. We disagree.

CrR 3.3(c)(1) provides:

A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment. A defendant released from jail whether or not subjected to conditions of release pending trial shall be brought to trial not later than 90 days after the date of arraignment.

Although the precise language of current CrR 3.3 has not yet been judicially construed, the law under the similar language of former CrR 3.3(b)[1] was that the shorter 60–day period applied when the defendant was being detained solely on the charge involving the speedy trial allegations. *See State v. Keith,* 86 Wn.2d 229, 232, 543 P.2d 235 (1975); *State v. Royster,* 43 Wn. App. 613, 617, 719 P.2d 149 (1986) (construing a similar provision in JuCR 7.8(b)); *State v. Brown,* 33 Wn. App. 843, 845–46, 658 P.2d 44 (1983); *State v. Nelson,* 26 Wn. App. 612, 616, 613 P.2d 1204 (1980).

█ The rationale for the rule, as recently stated by this court in the context of a similar provision in JuCR 7.8(b), is equally relevant in the instant case:

> [A] defendant detained both for current *and* unrelated charges is not prejudiced or deprived of liberty by a longer detention . . . on the current charges because he would not, due to the unrelated charges, be free in any event. This reasoning is persuasive when considered in light of the basic purpose of the speedy trial rule which is to ensure that an unconvicted individual who is ineligible to obtain a pretrial release is subject to minimum pretrial confinement. However, absent some potential deprivation resulting from the detention for current charges, this purpose is not served, and there is no reason to expedite the case within a shorter time period.

(Citations omitted.) *State v. Royster, supra* at 617–18.

The undisputed findings in the instant case were that Bernhard was unable to post bail and remained in custody throughout the entire period at issue. At the time he was transferred from Snohomish to King County, Bernhard was still being held awaiting sentencing on the Snohomish County conviction. Thus, even if Bernhard had been able to post bail on the King County charge, he would have

---

[1]Former CrR 3.3(b) provided:

"(2) A defendant unable to obtain pretrial release from custody shall be brought to trial within 60 days . . .

"(3) A defendant who is released from custody shall be brought to trial within 90 days . . ." *See* 90 Wn.2d 1149, 1150.

remained in custody on the prior conviction and would not, in any event, have been at liberty. We therefore conclude that the 90–day trial period applied to the King County charge.

Having determined that the 90–day speedy trial period was applicable in the instant case, we turn next to the remaining calculations mandated by CrR 3.3. A defendant detained in jail must be arraigned not later than 14 days after an indictment is filed in superior court. CrR 3.3(c)(1). If the defendant is not arraigned within the proper time period and has properly objected to the actual date of arraignment as required by CrR 3.3(e), the time for trial commences "on the last day the defendant could properly have been arraigned." CrR 3.3(c)(4). However, CrR 3.3(g) excludes certain periods from the computation of the time of arraignment and the time for trial, including

> (2) Preliminary proceedings and trial on another charge . . .

CrR 3.3(g)(2).

On the basis of these provisions, the trial court determined that the last day Bernhard could properly have been arraigned was July 27, 1984, 14 days after the information was filed in King County, and that the 60–day period for trial commenced on that date. The last proper date for trial, the court reasoned, was therefore September 25, 1984, which was too soon after actual arraignment to permit Bernhard to prepare adequately for trial.

The trial court's decision was based on the conclusion that CrR 3.3(g)(2) does not exclude the time that a defendant is awaiting trial in another county "unless there is a specific finding that the defendant is beyond the reach of the State or that the State cannot obtain the presence of the defendant despite diligent efforts." The trial court also concluded that if an accused is amenable to process and his or her location is known to the State, the time requirement of CrR 3.3 begins to run from the time the information is filed if the accused is not promptly brought before the

court for arraignment.

■ On appeal, the defendant adopts the trial court's analysis and argues that CrR 3.3(g)(2) should not be construed to mean the entire period that a defendant is involved with preliminary proceedings and trial on the other charge, but rather only when the defendant is "unavailable" because of physical presence at these proceedings. Bernhard's position finds no support in either the clear language of CrR 3.3(g)(2) or those decisions construing the provision. The language of CrR 3.3(g)(2) has remained substantially the same since CrR 3.3 was adopted in 1973. *See* CrR 3.3(d)(2), 87 Wn.2d 1102 (effective May 21, 1976); CrR 3.3(e)(2), 90 Wn.2d 1149, 1152 (effective November 17, 1978); Criminal Rules Task Force, *Washington Proposed Rules of Criminal Procedure* (1971); *see also* 4A L. Orland, Wash. Prac., *Rules Practice* § 6201 (3d ed. 1983); *State v. Kingen,* 39 Wn. App. 124, 692 P.2d 215 (1984).[2]

Several decisions have addressed the prior incarnations of CrR 3.3(g)(2). In *State v. Chaney,* 17 Wn. App. 258, 562 P.2d 259 (1977), the court determined that the prior version of CrR 3.3(g)(2) excluded from the speedy trial calculation the time that a defendant was involved in a federal criminal matter. In *Chaney,* the defendant had been arrested on a federal warrant but was detained in the Spokane County Jail. While being held on the federal charge, he was served with a state warrant and made a preliminary appearance in connection with the state charges. Some months later the defendant pleaded guilty to the federal charge and then was arraigned on the state charge. The court found that the entire period from arrest to guilty plea involved "preliminary proceedings" and was excluded from the speedy trial calculations of CrR 3.3. Of particular sig-

---

[2]The only difference between the current version and the earlier versions is that CrR 3.3(g)(2) now extends the exclusion to calculation of the trial and arraignment periods, a change necessitated by the current rule's focus on the date of arraignment.

nificance with respect to the instant case is the *Chaney* court's finding that the fact the defendant was being held in the county jail and had made a preliminary appearance with regard to the state charge and was therefore more "available" than was Bernhard in the instant case, was irrelevant to operation of the exclusionary provision. *See also State v. Young,* 89 Wn.2d 613, 574 P.2d 1171 (defendant in custody of federal authorities pursuant to federal process is involved in preliminary proceedings within the meaning of former CrR 3.3(d)(2) until the federal matter is concluded or the defendant is released to state custody), *cert. denied,* 439 U.S. 870 (1978); *State v. Durham,* 13 Wn. App. 675, 537 P.2d 816 (1975) (former CrR 3.3(d)(2) applies only to preliminary proceedings and trial of another charge); *cf. State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978). The various authorities cited by Bernhard, including *State v. Alexus,* 91 Wn.2d 492, 588 P.2d 1171 (1979), *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976), and *State v. Breaux,* 20 Wn. App. 41, 578 P.2d 888 (1978), are inapposite. Although these decisions discuss the general principles underlying CrR 3.3, they do not involve application of the exclusionary period at issue in the instant appeal.

The drafters of CrR 3.3 termed the circumstances set forth in the exclusions "exceptional" and found that they justified added time for bringing a case to trial "when the defendant is involved in another trial". *See Washington Proposed Rules of Criminal Procedure,* Comment, at 31–32. CrR 3.4(a) contemplates the presence of the defendant "at every stage of the trial". The absence of an exception such as CrR 3.3(g)(2) would pose severe practical problems in cases when a defendant is facing multiple charges in several jurisdictions.

The most recent revision of CrR 3.3 attempts to provide certainty for calculations in most factual situations. *See* 4A L. Orland § 6206, at 113; *see also State v. Aleshire,* 89 Wn.2d 67, 69, 568 P.2d 799 (1977). CrR 3.3 has been revised repeatedly with the purpose of achieving "early

trials in all cases and no dismissal with prejudice in any case." *State v. White,* 94 Wn.2d 498, 502, 617 P.2d 998 (1980). Moreover, a court rule must be construed so that "no word, clause or sentence is superfluous, void or insignificant"; the language must be given its plain meaning according to the usages of English grammar. *State v. Durham, supra* at 679. When the language of a rule is clear, a court cannot construe it contrary to its plain import. *State v. Kingen, supra* at 127. Were we to accept Bernhard's argument that CrR 3.3(g)(2) excluded only those time periods when a defendant was unavailable because of physical presence at an unrelated trial, calculations under CrR 3.3 would be virtually impossible, particularly if the defendant was incarcerated on unrelated charges in a distant jurisdiction. Nor does the clear language of CrR 3.3(g)(2) render the additional exclusionary periods of CrR 3.3(g) superfluous. We agree with the State that CrR 3.3(g)(2) promotes the orderly administration of justice.

Consequently, we conclude that CrR 3.3(g)(2) excludes from the speedy trial calculations the entire *period* that a defendant is involved in a trial on another matter. In the instant case, the exclusionary period extended from Bernhard's arrest to at least the time that he pleaded guilty on the unrelated Snohomish County charge on August 23, 1984.[3] *See State v. Chaney, supra.* The King County information was filed on July 13, 1984. Since Bernhard was involved in proceedings on another charge at this time, the

---

[3]We express no opinion as to whether or under what circumstances the CrR 3.3(g)(2) exclusion involving "[p]reliminary proceedings and trial" might extend past the date of a defendant's guilty plea. The ABA standards, upon which the criminal rules are based, should be consulted in cases "where a hiatus appears in CrR 3.3." *State v. Striker,* 87 Wn.2d 870, 873, 557 P.2d 847 (1976). However, the standards are silent as to when the exclusionary period for trial on another charge should end. *See* 2 American Bar Ass'n, *Standards for Criminal Justice,* Std. 12–2 (2d ed. 1980). In *State v. Peterson,* 90 Wn.2d 423, 428, 585 P.2d 66 (1978), the defendant pleaded guilty to a federal charge in March 1975 and was confined on that charge in May 1975. The court in dicta indicated the exclusionary period would extend to May 1975. However, resolution of the precise limits of the exclusionary period was unnecessary to the decision, since the speedy trial period was violated in any case.

period until August 23, 1984, when he pleaded guilty, was excluded by CrR 3.3(g)(2). From this date, however, Bernhard should have been arraigned within 14 days, that is by September 6, 1984. Since Bernhard was not arraigned within this period, the time for trial commenced "on the last day the defendant could properly have been arraigned", CrR 3.3(c)(4), that is on September 6. The November 9, 1984 trial date was therefore within 90 days of arraignment and no violation of CrR 3.3 occurred.

The foregoing analysis assumes that Bernhard properly objected to the date of arraignment. However, our decision that there was no speedy trial violation is independently required by our conclusion that Bernhard waived any objections to the arraignment date by failing to object properly.

▮ CrR 3.3(e) provides that

> A party who objects to the date of arraignment on the ground that it is not within the time limits prescribed by this rule must state the objection to the court at the time of the arraignment. . . . Failure of a party to object as required shall be a waiver of the objection, and the date of arraignment shall be conclusively established as the date upon which the defendant was actually arraigned.

A somewhat similar provision involves the trial date. *See* CrR 3.3(f)(1).[4] CrR 3.3(e) and (f) were amended in 1980. In effect, these provisions place the burden on the defendant to monitor the time of arraignment. *See* 4A L. Orland § 6201, at 113.

It is undisputed, and the trial court so found, that, although objections were raised to the date of arraignment, the basis for these objections was not presented, either at the actual arraignment on September 21, 1984, or at the omnibus hearing on October 5, 1984. The trial court con-

---

[4]"A party who objects to the [trial] date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits. Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date . . ."

cluded that the objections in the instant case complied with CrR 3.3(e) and (f) and that a more specific objection at the time of arraignment would not in any case have permitted the State to schedule a trial within the parameters of CrR 3.3. This latter determination, however, as already indicated, rests on the erroneous interpretation of the CrR 3.3(g)(2) exclusionary period.

CrR 3.3 must be strictly enforced; dismissal with prejudice is required when the rule is not followed. *State v. White, supra* at 501. The purpose of an objection is to inform the trial court of an alleged error in order to permit timely correction of that error. CrR 3.3(a) charges the trial court with the responsibility of ensuring a trial in accordance with the rule. In order for the court to carry out this function, objections pursuant to CrR 3.3 must be specific enough to alert the court to the type of error involved. As this court has observed in the somewhat different context of whether a defendant may raise a CrR 3.3 violation for the first time on appeal:

> Given the many facets of this technical rule, its several amendments and the many appellate decisions interpreting its provisions, the trial court cannot reasonably be expected, nor does it have the obligation, to rule on every possible aspect of CrR 3.3 every time there is a general incantation of the rule's applicability or an issue raised concerning one of its provisions.
>
> A motion by a defendant addressed to the specific rule provision gives the trial court the opportunity to determine whether or not the applicable time limits have elapsed. It also enables the court in appropriate cases to find as a fact whether or not any excluded periods apply and to make a record of such rulings for possible appellate review.

*State v. Barton,* 28 Wn. App. 690, 693–94, 626 P.2d 509, *review denied,* 95 Wn.2d 1027 (1981).

Because Bernhard gave *no* basis for his objections, we conclude that the requirements of CrR 3.3(e) and (f) were not met in the instant case and Bernhard waived his objections. Consequently, the date of arraignment is established

as September 21, 1984, the date of actual arraignment. The November 9, 1984 trial date was therefore within the CrR 3.3 speedy trial period, even if we assume the 60–day period applied.

The trial court's dismissal is reversed, and this case is remanded for further proceedings consistent with this opinion.

COLEMAN and WEBSTER, JJ., concur.

Review denied by Supreme Court January 6, 1987.