[No. 9073-6-III. Division Three. October 26, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. FREDDIE JOE HALL, *Appellant.*

*Rosemary L. Otto,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Ward McAuliffe, Deputy,* for respondent.

THOMPSON, C.J.—Freddie Joe Hall appeals his conviction for attempting to elude a police vehicle, RCW 46.61.024. He contends the court abused its discretion in granting three continuances, and his trial began after the expiration of the speedy trial period provided by CrR 3.3(c)(2). We affirm.

Mr. Hall was charged with two separate second degree burglaries, in addition to the crime for which he was convicted. The first burglary charge arose out of an incident on November 27, 1986. The second burglary charge, and the present conviction, arose out of an incident on August 4, 1987. In the following outline, matters relating to the first burglary charge of November 27, 1986, are underlined:

| | |
|---|---|
| April 2, 1987 | Mr. Hall released pending trial (first incident) |
| August 5, 1987 | Arrest and first appearance in district court (second incident) |
| August 7, 1987 | Complaint filed in district court (second incident) |
| September 3, 1987 | Information filed and arraignment in superior court; trial set for September 30, 1987 (second incident) |
| September 10, 1987 | Bench warrant issued for Mr. Hall, for violation of conditions of release (first incident) |
| September 30, 1987 | Agreed continuance and waiver of speedy trial rights to October 28, 1987 (second incident) |
| October 6, 1987 | Guilty plea to second degree burglary (first incident); Mr. Hall requests postponement of sentencing until resolution of charges related to second incident |
| October 28, 1987 | State's request for extension granted (to November 4, 1987) (second incident) |
| November 4, 1987 | State's request for continuance granted (to November 16, 1987) (second incident) |
| November 16, 1987 | State's request for extension granted (to November 23, 1987) (second incident) |

| | |
|---|---|
| November 23, 1987 | Defendant's request for continuance granted (to November 30, 1987) (second incident) |
| November 30, 1987 | State's request for continuance granted (to December 7, 1987) (second incident) |
| December 7, 1987 | Trial begins (second incident) |

Mr. Hall was acquitted of second degree burglary, but convicted of attempting to elude a police vehicle. He was sentenced to 90 days for the earlier burglary conviction (with credit for 57 days already served), and 90 days for the attempting–to–elude conviction (with credit for 90 days already served). This appeal involves only the attempting–to–elude conviction.

The primary issue is whether the trial on the second information began after the speedy trial period expired. CrR 3.3 provides in relevant part:

> **(c) Time for Arraignment and Trial.**
>
> . . . .
>
> (2) *Cases Filed Initially in District Court.*
>
> (i) . . . A defendant not released from jail pending trial shall be brought to trial not later than 60 days after the date of arraignment [in superior court], less time elapsed in district court. A defendant released from jail . . . pending trial shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court.

Since Mr. Hall was confined, a literal reading of the rule would establish 60 days as the period within which Mr. Hall must be brought to trial. However, the State contends the 90–day period applies, arguing Mr. Hall was in custody on an unrelated charge and would have remained in jail anyway. In *State v. Bernhard,* 45 Wn. App. 590, 593–95, 726 P.2d 991 (1986), *review denied,* 107 Wn.2d 1023 (1987), the court applied the 90–day period, reasoning that because the defendant remained in custody on an unrelated prior conviction, he would not have been at liberty in any event.

■ This rationale is inapplicable here. Unlike the defendant in *Bernhard,* Mr. Hall was not in custody on the unrelated charge throughout the entire period at issue. The

bench warrant was issued on September 10, 1987, more than a month after his arrest on these charges. Also, after Mr. Hall pleaded guilty to the other burglary and agreed to postpone sentencing pending resolution of the charges in this case, the cases were no longer unrelated. Finally, the State's argument would require the court to assume the sentence on the guilty plea would have been at least as long as the delay in sentencing.[1] The 60–day period applies in this case.

Arraignment initiates the speedy trial period, "less time elapsed in district court." CrR 3.3(c)(2)(i). Here, the time elapsed in district court was 27 days, see CrR 3.3(c)(2)(ii), CrR 8.1. Therefore, on September 3, 1987, the day of arraignment, 33 days remained under the 60–day rule. Seven more days elapsed before the bench warrant was issued on the other burglary charge, leaving 26 days as of September 10.

The State contends the period from the issuance of the bench warrant until Mr. Hall's guilty plea also should be excluded. This argument apparently invokes CrR 3.3(g)(2), which excludes the period of "[p]reliminary proceedings and trial on another charge . . ." In *State v. Bernhard, supra* at 598, the court held this section "excludes from the speedy trial calculations the entire period that a defendant is involved in a trial on another matter". (Italics omitted.) The other matter may be an unrelated federal case, *State v. Young*, 89 Wn.2d 613, 574 P.2d 1171, *cert. denied*, 439 U.S. 870, 58 L. Ed. 2d 182, 99 S. Ct. 200 (1978); *State v. Chaney*, 17 Wn. App. 258, 562 P.2d 259 (1977), or state charge, *State v. Knauff*, 46 Wn. App. 877, 733 P.2d 991, *review denied*, 108 Wn.2d 1012 (1987), a charge in another state, *State v. Pizzuto*, 55 Wn. App. 421, 778 P.2d 42 (1989), or even a probation violation

---

[1]Judge Luscher appears to have assumed, during the November 30, 1987, proceeding, that a 90–day sentence would be imposed, and of course Judge Ripple did eventually impose such a sentence. However, at the time trial began, and the court denied the defense motion for dismissal on the basis of the speedy trial rule, the length of the sentence was still undecided.

proceeding, *State v. Pacheco,* 107 Wn.2d 59, 726 P.2d 981 (1986). The exclusion applies at least until a defendant enters a guilty plea on the other matter. *Bernhard,* at 598; *see Pizzuto,* at 420–30. In this case, at least the period from the issuance of the bench warrant until Mr. Hall's guilty plea is excluded from the calculations pursuant to CrR 3.3(g)(2).[2] This period overlaps with the waiver period, so the period from September 10, 1987, until the waiver period expired on October 28, is excluded.[3] Therefore, on October 28, 26 days remained in Mr. Hall's speedy trial period.

On October 28, the court granted the State's request for an extension until November 4, because the prosecutor was in another trial. Mr. Hall does not challenge this extension, which was valid under CrR 3.3(d)(8).[4] *See State v. Raper,* 47 Wn. App. 530, 736 P.2d 680, *review denied,* 108 Wn.2d 1023 (1987). Thus, on November 4, 26 of the 60 days still remained.

On November 4, the prosecutor was still in the other trial, and another 5–day extension pursuant to CrR 3.3(d)(8) would have been appropriate. However, Judge

[2] Arguably, the entire period during which the other burglary charge was pending could be excluded pursuant to CrR 3.3(g)(2). The rule itself does not require that the defendant be *in custody* on the other charge, and the rule should be given its plain meaning. *Bernhard,* at 598. However, we have found no case that applied the exclusion when a defendant was not in custody on the other matter. The State does not argue here that the periods before the bench warrant and after the guilty plea should be excluded.

[3] In *State v. Jones,* 111 Wn.2d 239, 244–45, 759 P.2d 1183 (1988), the court indicated a waiver period in some circumstances may be *added to* an overlapping exclusion period. There, the exclusion was for competency proceedings pursuant to CrR 3.3(g)(1). The court held the exclusion should be given independent effect because the nature of competency determinations makes it difficult to prepare for trial. No such considerations apply here.

[4] CrR 3.3(d)(8) provides in relevant part:
*"Five–Day Extensions.* When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court . . . may extend the time within which trial must be held for no more than 5 days exclusive of Saturdays, Sundays, or holidays unless the defendant will be substantially prejudiced in his or her defense."

Luscher was advised a codefendant's newly appointed counsel intended to move for severance. In order to give both sides an opportunity to prepare arguments on the severance issue, the court granted a 2–week continuance, until November 16.[5]

 CrR 3.3(g)(3) excludes from the speedy trial period a valid continuance. CrR 3.3(h)(2) permits a continuance "when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of the defense." The grant or denial of a continuance will not be disturbed on appeal absent a showing of manifest abuse of discretion. *State v. Campbell,* 103 Wn.2d 1, 14, 691 P.2d 929 (1984), *cert. denied,* 471 U.S. 1094, 85 L. Ed. 2d 526, 105 S. Ct. 2169 (1985); *State v. Brown,* 40 Wn. App. 91, 94, 697 P.2d 583, *review denied,* 103 Wn.2d 1041 (1985). Here, the pending severance issue required more time than the 5 days permitted under CrR 3.3(d)(8). The 2–week continuance was necessary in the administration of justice, and the court did not abuse its discretion in granting it.

Thus, on November 16, there were still 26 days remaining in Mr. Hall's speedy trial period. Even if, arguendo, subsequent continuances were improper and therefore not excluded pursuant to CrR 3.3(g)(3), the unexpired portion of the 60–day period extended until December 12. Trial commenced on December 7. Mr. Hall's speedy trial rights were not violated.

 Mr. Hall also contends the court abused its discretion in granting other continuances on November 16 and 30. He apparently contends his case should be dismissed if

---

[5]The court detailed three reasons for granting the continuance: (1) the prosecutor was in trial in another matter; (2) the codefendant's newly appointed lawyer had had inadequate time to prepare for trial; and (3) the severance issue still was undecided. However, the prosecutor's unavailability would have justified only a 5–day continuance, pursuant to CrR 3.3(d)(8). *See State v. Kokot,* 42 Wn. App. 733, 735–36, 713 P.2d 1121, *review denied,* 105 Wn.2d 1023 (1986). Also, the codefendant's lawyer clearly indicated he was prepared for trial. Of the three bases for the continuance, only the third is supported by the record and justified under CrR 3.3.

continuances *within* the speedy trial period were improvidently granted. However, the provisions of CrR 3.3 are not constitutionally based, *State v. Campbell, supra* at 14, and dismissal is mandated pursuant to CrR 3.3(i)[6] only when the applicable speedy trial period has expired. Absent such a violation, a defendant must demonstrate actual prejudice to obtain dismissal. *State v. Parris,* 30 Wn. App. 268, 273–74, 633 P.2d 914 (1981), *modified on other grounds,* 98 Wn.2d 140, 654 P.2d 77 (1982).

Here, even assuming he is correct in arguing the court improvidently granted the two extensions, Mr. Hall has not shown how he was prejudiced by the violations.

Affirmed.

MUNSON and SHIELDS, JJ., concur.

---

[6]CrR 3.3(i) provides:
**"Dismissal With Prejudice.** A criminal charge not brought to trial within the time period provided by this rule shall be dismissed with prejudice."