5 P.3d 1289 (2000)
STATE of Washington, Respondent,
v.
Chad T. HUFFMEYER, Appellant.
No. 24004-1-II.
Court of Appeals of Washington, Division 2.
August 18, 2000.
*1290 Melissa A. Hemstreet, Case Law Office, Port Orchard, for Respondent.
Randall Avery Sutton, Kitsap County Deputy Pros. Atty., Port Orchard, for Appellant.
ARMSTRONG, C.J.
Chad Huffmeyer was in custody in King County when the Kitsap County prosecutor filed charges against him for possessing stolen firearms. Although the Kitsap authorities served the arrest warrant on the King County holding facility, Huffmeyer was not brought back to Kitsap County for arraignment until he completed his sentence in King County. The trial court dismissed the charge against Huffmeyer, ruling that the State had failed to exercise good faith and due diligence in bringing Huffmeyer to trial. We affirm.

FACTS
On December 5, 1997, the State filed a charge of possession of a stolen firearm against Huffmeyer. A warrant for Huffmeyer's arrest was issued the same day. The warrant was returned on December 8, 1997, indicating that Huffmeyer was in custody in King County. The return of the warrant was received and signed by two officers from the Kitsap County Sheriff's office. Neither the Kitsap County prosecutors nor the sheriff took any further action with regard to Huffmeyer while he was in custody in King County.
On April 27, 1998, Huffmeyer pleaded guilty to the King County charge. On August 14, 1998, he was sentenced to 12 months in the King County jail with credit for time served. On August 17, 1998, Huffmeyer was transported to Whatcom County on a probation violation warrant. He was returned to King County on August 25, 1998, kept there overnight, and sent to Kitsap County on August 26, 1998.
The trial court found that, unless Huffmeyer had made specific inquiries, the warrant issued by Kitsap County did not inform him of the charges. And, there is no evidence that he made any such inquires. The earliest that the King County personnel would have informed Huffmeyer of the Kitsap County charges was August 17, 1998.
Huffmeyer appeared before the Kitsap Superior Court on August 26, 1998, and the trial was set for October 21, 1998. Huffmeyer raised his speedy trial objection for the first time at an omnibus hearing on September 23, 1998. After a hearing on the motion, the trial court concluded that Huffmeyer was not brought to trial within 104 days of the *1291 filing of the information as required by CrR 3.3(c)(1). The court found that the State failed to exercise good faith and due diligence in attempting to bring Huffmeyer to trial in Kitsap County. The charges were dismissed with prejudice.

ANALYSIS
Under CrR 3.3(c)(1), if a defendant is detained in jail, he must be arraigned not later than 14 days after the information is filed and brought to trial no later than 60 days after arraignment. But when the defendant is not detained in jail, he must be arraigned no later than 14 days after his first appearance in court and brought to trial within 90 days after arraignment. CrR 3.3(c)(1). When a person is held in custody in another county on an unrelated charge, he is not detained in jail on the current charge for purposes of CrR 3.3(c)(1). State v. Thompson, 57 Wash.App. 688, 690, 790 P.2d 180 (1990), aff'd sub nom. State v. Greenwood, 120 Wash.2d 585, 845 P.2d 971 (1993). Therefore, the 90-day speedy trial rule applies. See State v. Greenwood, 57 Wash.App. 854, 858, 790 P.2d 1243 (1990), reversed in part on other grounds by State v. Greenwood, 120 Wash.2d 585, 845 P.2d 971 (1993); State v. Bernhard, 45 Wash.App. 590, 594-95, 726 P.2d 991 (1986); State v. Brown, 33 Wash.App. 843, 845, 658 P.2d 44 (1983).[1]
But CrR 3.3 does not address the effect of an unnecessary delay between the filing of the information and the arraignment. Thus, in State v. Striker, 87 Wash.2d 870, 557 P.2d 847 (1976), the court held that "where a long and unnecessary delay occurs in bringing a defendant who is amenable to process before the court, CrR 3.3's 90-day trial period is deemed to commence at the time the information was filed, instead of when the defendant finally appeared before the court." State v. Greenwood, 120 Wash.2d at 591, 845 P.2d 971 (summarizing Striker holding).
When the defendant is amenable to process and there is an unnecessary delay in bringing the defendant before the court, Striker applies and creates a constructive arraignment date 14 days after the filing of the information. Greenwood, 120 Wash.2d at 599, 845 P.2d 971. Thus, a defendant who is not detained in jail must be brought to trial within 104 days of the filing of the information. (90 + 14 days). Greenwood, 120 Wash.2d at 599, 845 P.2d 971. A criminal charge not brought within this time period must be dismissed with prejudice. CrR 3.3(i). Here, there was a 263-day delay between the filing of the information and Huffmeyer's arraignment.[2] A 45-day delay has been held sufficient to invoke Striker. State v. Carpenter, 94 Wash.2d 690, 694, 619 P.2d 697 (1980). Before the Striker rule applies, the court must consider whether any time is excluded from the speedy trial calculation under CrR 3.3(g). CrR 3.3(g)(2) specifically excludes from the speedy trial calculation "[p]reliminary proceedings and trial on another charge."
However, the trial court did not exclude the time Huffmeyer spent in the King County jail because the State made no attempt to return Huffmeyer to Kitsap County after it became aware of his location. Relying on State v. Anderson, 121 Wash.2d 852, 855 P.2d 671 (1993), the trial court concluded that the time spent in preliminary proceedings and trial on another charge will not be excluded unless the prosecution acts with good faith and due diligence in bringing the defendant before the court. In Anderson, the Supreme Court held that CrR 3.3(g)(6), which excludes the time a defendant is detained in jail or prison outside the state or in federal jail or prison, impliedly incorporates the good faith and due diligence requirement. Anderson, 121 Wash.2d at 864-65, 855 P.2d 671.
*1292 There is a conflict in the case law regarding whether a showing of good faith and due diligence is required before the time spent in preliminary proceedings and trial on another charge will be excluded under CrR 3.3(g)(2).[3] But we need not attempt to resolve this conflict because we conclude that the exclusionary period under CrR 3.3(g)(2) ends when the guilty plea is entered. After Huffmeyer entered his plea, he spent an additional 121 days in the King County jail awaiting sentencing. This exceeds the 104-day speedy trial period under Striker and CrR 3.3. And, the State has not shown that it exercised due diligence in arraigning Huffmeyer during this time period.
The State argues that the entire time that Huffmeyer was held in King County, including sentencing, should be excluded from the speedy trial calculation. But Washington courts have typically applied the CrR 3.3(g)(2) exclusion up to the time that a guilty plea is entered. In Bernhard, 45 Wash.App. at 598, 726 P.2d 991, Division One concluded that the exclusionary period under CrR 3.3(g)(2) "extended from Bernhard's arrest to at least the time that he pleaded guilty on the unrelated ... charge." The court did not exclude the time that Bernhard remained in jail while awaiting sentencing. See Bernhard, 45 Wash.App. at 593, 598, 726 P.2d 991.
The State Supreme Court apparently accepted this analysis in Greenwood, where the parties agreed that "the time for trial calculation began on the day the defendant pleaded guilty to the assault charge." Greenwood, 120 Wash.2d at 609, 845 P.2d 971. The Greenwood court thus did not exclude the 85-day period that accrued following his guilty plea. Greenwood, 120 Wash.2d at 609, 845 P.2d 971. A month of that time was spent awaiting sentencing on the assault charge. See Greenwood, 120 Wash.2d at 607, 845 P.2d 971. And, Division Three followed Bernhard in State v. Hall, 55 Wash.App. 834, 838-39, 780 P.2d 1337 (1989), and reached a similar conclusion under the former court rules in State v. Chaney, 17 Wash.App. 258, 562 P.2d 259 (1977).[4] In Chaney, the court excluded the time that a defendant spent in federal custodyfrom the time of arrest until he pleaded guilty to the federal charge because he "was subject to federal jurisdiction and was involved in its preliminary proceedings." Chaney, 17 Wash.App. at 260, 562 P.2d 259.
Yet, the State relies on State v. Pizzuto, 55 Wash.App. 421, 427, 778 P.2d 42 (1989), arguing that "trial" under CrR 3.3(g)(2) encompasses posttrial motions and sentencing. There, the defendant was arrested in Montana and was held on warrants for first degree murder in both Washington and Idaho. Washington subordinated its extradition request to Idaho's. Pizzuto was convicted of first degree murder in Idaho and was sentenced to death. Washington repeatedly contacted Idaho authorities and inquired when Pizzuto would be available. Pizzuto, 55 Wash.App. at 423-25, 778 P.2d 42. "Pizzuto was required to remain in Idaho for completion of all posttrial motions before an appeal of his sentence could be initiated." Pizzuto, 55 Wash.App. at 427, 778 P.2d 42. *1293 The court interpreted "trial" in CrR 3.3(g)(2) to "encompass sentencing and posttrial motions" and said:
Interpreting the rule to require the defendant to be produced in the second jurisdiction whenever, after trial, he is not physically in a courtroom within the first jurisdiction would prove awkward when arraigning and trying a defendant also charged in another county; it would be an almost impossible burden when arraigning and trying a defendant charged in another state.
Pizzuto, 55 Wash.App. at 427-28, 778 P.2d 42.
The trial judge distinguished Pizzuto. And, because Striker does not apply to necessary delays, we agree that Pizzuto is distinguishable. In Pizzuto, the 10-month delay to determine the outcome of the defendant's death sentence was necessary. Here, Huffmeyer pleaded guilty to the King County charge on April 27, 1998, but he was not sentenced for that charge until August 14, 1998. Because Kitsap County did not attempt to return Huffmeyer, 121 days elapsed after Huffmeyer entered his guilty plea until the time he first appeared and was arraigned in Kitsap County on August 26, 1998. This delay was unnecessary.
The State argues that serving a warrant on the King County jail contemporaneously with the filing of the information is sufficient to satisfy the due diligence requirement. But the warrant was returned, and the trial judge found that Huffmeyer was not notified of the charges pending against him in Kitsap County. Just as in Greenwood, "[t]he State has failed to put forth any argument that it acted in good faith and with due diligence in trying to bring the defendant before the court" during the time that he was awaiting sentencing. Greenwood, 120 Wash.2d at 609, 845 P.2d 971. Therefore, the entire 121 days remains part of the speedy trial calculation and exceeds the 104-day speedy trial period under Striker and Greenwood. See Greenwood, 120 Wash.2d at 599, 845 P.2d 971. The trial court did not err in dismissing the charge with prejudice. See CrR 3.3(i).
Affirmed.
HOUGHTON, J., and BRIDGEWATER, J., concur.
NOTES
[1] Although all three appellate divisions have reach this conclusion, the Supreme Court has not addressed this issue. See Greenwood, 120 Wash.2d at 608, 845 P.2d 971.
[2] Huffmeyer did not object to his arraignment date at the time of arraignment as required by CrR 3.3(e). Typically, failure to object waives the objection, and "the date of arraignment shall be conclusively established as the date upon which the defendant was actually arraigned." CrR 3.3(e). But if the time for trial has already expired when the defendant is arraigned, the defendant cannot be deemed to have waived his objection. Greenwood, 120 Wash.2d at 606, 845 P.2d 971.
[3] Compare Anderson, 121 Wash.2d at 859, 855 P.2d 671 (noting in dicta that the Supreme Court "did apply a `good faith and due diligence' requirement to the CrR 3.3(g)(2) exclusion" in State v. Pacheco, 107 Wash.2d 59, 726 P.2d 981 (1986)) with State v. Pizzuto, 55 Wash.App. 421, 429-30, 778 P.2d 42 (1989) (explaining Pacheco and stating, "[T]he State has never before been required to demonstrate good faith and due diligence to exclude time from speedy trial calculations when a defendant was involved in `[p]reliminary proceedings and trial on another charge.'") and State v. Simon, 84 Wash.App. 460, 465, 928 P.2d 449 (1996) (applying good faith and due diligence requirement to CrR 3.3(g)(6) but not to CrR 3.3(g)(2)); State v. Knauff, 46 Wash.App. 877, 879, 733 P.2d 991 (1987) (excluding time defendant held on other charges without consideration of good faith and due diligence); see also Greenwood, 120 Wash.2d at 600-01, 609, 845 P.2d 971 (affirming as a general proposition the "continuing validity of the good faith and due diligence exception under the present CrR 3.3," but not applying a good faith and due diligence test to the period that defendant Greenwood was detained in another county on an unrelated charge).
[4] Former CrR 3.3(d)(2) (1975) also excluded "[p]reliminary proceedings and trial on another charge" from the speedy trial calculation. But the rule did not expressly exclude the time a defendant is detained in jail or prison outside the state or in federal jail or prison. Compare former CrR 3.3(d) (1975) with CrR 3.3(g)(6).