[No. 48528-8-I.   Division One.   June 10, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHNNY FRANKENFIELD, *Petitioner*.

*Gene M. Grantham*, for appellant.

*Norm Maleng*, *Prosecuting Attorney*, and *Deanna J. Fuller*, *Deputy*, for respondent.

PER CURIAM — The speedy trial rule requires the defendant to make a timely objection to the trial date and alert the trial court to the particular error alleged. An objection which generally references the speedy trial rule does not notify the court of what the error is or how to remedy that error. Here, although the defendant stated a general objec-

tion to the date of arraignment, his objection did not properly alert the court to the basis for his objection. The defendant waived his right to a trial within the speedy trial period, and the trial court erred in dismissing the case.

On October 8, 1998 Johnny Frankenfield was arrested and booked for Driving Under the Influence and Second Degree Driving While License Suspended. He posted bail and was released. Thirty-five days later, on November 12, 1998, the State filed charges and set the arraignment for December 1. On November 30, Frankenfield's counsel filed a document entitled "Notice of Appearance; Waiver of Arraignment; Demand for Jury Trial; Discovery and Bill of Particulars; and Omnibus Application." Near the end of this nine-page document Frankenfield stated the following objection:

> Defendant objects to the date of arraignment and asserts the alleged offense occurred on October 8, 1998, demands trial within the time period required by CrRLJ 3.3, objects to any trial date not so set and moves the Court for an order setting a speedy trial date. *State v. Greenwood*, 120 Wn.2d 585 (1993).

On January 4, 1999 the parties appeared before the court for a pretrial conference. The parties narrowed the issues for pretrial motions. The court established March 1 as the speedy trial expiration date and set the trial for the week of February 3.

Ten days later, on January 14, Frankenfield filed a motion objecting to the trial date:

> Comes now the above-named Defendant, Johnny E. Frankenfield, by and through his attorney of record, Chris L. Matson, and hereby, pursuant to CrRLJ 3.3(f)(1), objects to the presently scheduled trial date of February 3, 4, or 5, 1999 and, without conceding the expiration of said time periods, further moves the court to set the trial of said cause within the time limits required under CrRLJ 3.3 and, that the court note a hearing upon said motion on the first available motions hearing date.

On January 26, the parties appeared in court again and argued various pretrial motions. The next day, on January

27, Frankenfield filed a motion to dismiss arguing that the speedy trial expiration date had passed and for the first time provided specific reasons for his speedy trial objection. The trial court granted his motion and dismissed the case.

On appeal, the superior court reversed. The Court of Appeals affirmed. The Supreme Court granted discretionary review, and remanded for reconsideration in light of a recent decision in *State v. Fulps*, 141 Wn.2d 663, 9 P.3d 832 (2000). *Fulps* held that the date of arrest, release and posting of bail is the date from which a defendant is called to answer, and thus, the date from which speedy trial is calculated.

On remand, the district court dismissed the case. On appeal, the superior court again reversed. In a written decision, the superior court ruled that although *Fulps* established that October 8, the date of release, was the date from which Frankenfield's speedy trial date should be calculated, the defendant's objection to the date of arraignment was general and not specific. The court concluded that Frankenfield's objection to arraignment failed to alert the court of the basis for his speedy trial objection and did not apprise the court of his reasons so that the court could bring about a resolution while there was time to do so. By failing to make a specific objection and by appearing in court subsequently and failing to bring the issue to the court's attention, the court concluded that Frankenfield had waived his objection to the arraignment date. Thus, the date of the actual arraignment, December 1, 1998, was the date from which the trial time was properly calculated.

■ Application of a court rule to a specific set of facts is a question which this court reviews de novo. *State v. Ledenko*, 87 Wn. App. 39, 42, 940 P.2d 280 (1997).

■ It is the responsibility of the trial court to ensure that a defendant's trial takes place within the time guidelines provided by CrR 3.3. However, in order for the trial court to carry out its responsibilities, a defendant's objections under CrR 3.3 must be specific enough to alert the trial court to the type of error involved. *State v. Bernhard*, 45 Wn. App.

590, 600, 726 P.2d 991 (1986). Specificity is required because " '[g]iven the many facets of this technical rule, its several amendments and the many appellate decisions interpreting its provisions, the trial court cannot reasonably be expected, nor does it have the obligation, to rule on every possible aspect of CrR 3.3 every time there is a general incantation of the rule's applicability or an issue raised concerning one of its provisions.' " *Bernhard*, 45 Wn. App. at 600 (quoting *State v. Barton*, 28 Wn. App. 690, 693, 626 P.2d 509 (1981)).

For example, in *Bernhard* the defendant orally objected at the time of arraignment, but stated no basis for the objection. Shortly thereafter Bernhard was assigned counsel and at an omnibus hearing counsel objected again to both the arraignment date and the trial date and moved for a trial date within the provisions of CrR 3.3. *Bernhard*, 45 Wn. App. at 593. The court concluded that the defendant did not sufficiently present the basis for either objection, and thus, the objection was waived.

Frankenfield's objection to arraignment was similar to Bernhard's. Frankenfield referred to CrR 3.3 and requested that the trial court set a trial within the speedy trial time period. His objections did not apprise the court of the type of error involved or what was required to correct the error.

Frankenfield's objection is also comparable to the objection made by defendant Weyland in one of the consolidated cases addressed in *State v. Greenwood*, 120 Wn.2d 585, 845 P.2d 971 (1993). At the time of arraignment, Weyland entered a plea of not guilty "without waiving" his rights under the speedy trial rule. *Greenwood*, 120 Wn.2d at 606. Although the Supreme Court concluded that the error was not waived because by the time of arraignment the entire time for trial had already elapsed, the court found that, as in Bernhard, Weyland's objection was not specific enough to alert the court to the type of error alleged. *Greenwood*, 120 Wn.2d at 606.

In contrast to Frankenfield's unspecific objection, in *Kennewick v. Vandergriff*, the defendant objected to the trial date by sending the following letter to the court clerk: "Pursuant to JCrR 3.08(f)(1) I object to the trial setting of May 14, 1985 in the above matter. I believe that the 90 days will run out on May 6, 1985." 109 Wn.2d 99, 100, 743 P.2d 811 (1987). Although the court held that the error was waived because the prosecutor was not served, it found the objection otherwise sufficient because the relief sought, a trial prior to the May 6 expiration date, was "abundantly clear." *Vandergriff*, 109 Wn.2d at 102.

And in *Greenwood*, our Supreme Court concluded that Greenwood's objection was sufficiently specific where counsel, who had just been appointed moments before, stated at arraignment: "I will object to the arraignment." *Greenwood*, 120 Wn. 2d at 610 (emphasis omitted). When asked for specific grounds counsel said that it appeared that the defendant had been in custody and that the prosecutor's office probably knew that. *Greenwood*, 120 Wn.2d at 610. Such an objection alerted the court to the untimeliness of the arraignment and that the State may have been the cause of the delay. *Greenwood*, 120 Wn. 2d at 610. Unlike Frankenfield, Greenwood and Verdergriff did not merely reference CrR 3.3 but alerted the court to the precise error.

In sum, by failing to object with specificity and inform the trial court of the basis for the alleged error, Frankenfield waived his objection to the arraignment date.[1] Having waived the objection, the date of the actual arraignment was the proper date from which to calculate the speedy trial expiration date. We remand the case for trial.

---

[1] We base this conclusion on the nature of the objection, and not on the State's argument that an objection to the date of arraignment under CrR 3.3(e) must be made while physically present in court.