104 P.3d 692 (2004)
In re the MARRIAGE OF Kristi Lee TSARBOPOULOS, Appellant, and
Anthony Tsarbopoulos, Respondent.
No. 22317-5-III.
Court of Appeals of Washington, Division Three, Panel Six.
December 30, 2004.
*694 Mary E. Schultz, Spokane, WA, for Appellant.
Allen M. Gauper, Salina, Sanger and Gauper, Spokane, WA, for Respondent.
KURTZ, J.
Anthony Tsarbopoulos and Kristi Lee Tsarbopoulos are the parents of three children. The family lived together in Greece for two years before Ms. Tsarbopoulos left with the children and moved to Colbert, Washington. Dr. Tsarbopoulos remains in Greece. In this, her second attempt to dissolve her marriage, Ms. Tsarbopoulos directed a process server to serve Dr. Tsarbopoulos with a summons and petition for dissolution of marriage. The process server left the documents at Dr. Tsarbopoulos's place of work, with a person who works with Dr. Tsarbopoulos. Dr. Tsarbopoulos did not appear in the action, and a dissolution decree, parenting plan, and child support order were entered by default. Several months later, Dr. Tsarbopoulos appeared and asked the court to vacate the orders based upon lack of jurisdiction and insufficient service of process. The trial court ruled that Dr. Tsarbopoulos had not been properly served and granted his motion to vacate the orders. Ms. Tsarbopoulos appeals.
The court's jurisdiction to enter a child custody order is established by the uniform child custody jurisdiction act (UCCJA). In order for Washington courts to enter a child custody order, Washington State must have a sufficient relationship with the child, and the absent parent must have been notified and given the opportunity to be heard in accordance with the UCCJA. For the purposes of the UCCJA, RCW 26.27.081 provides, in part, that service may be effectuated either in a manner prescribed for service by the laws of the state in which service is made or in any manner reasonably calculated to give notice. Because the Tsarbopoulos children were domiciled in Washington State and because the service upon Dr. Tsarbopoulos was both effective under Greek law and reasonably calculated to give him notice, we reverse the order of the trial court vacating the child custody order.
Similarly, the court has jurisdiction to enter a decree of dissolution if one party is domiciled in Washington State and the other party is served by a method authorized by Washington's court rules and statutes. CR 4(i) allows service in a foreign country in a manner prescribed by the laws of the foreign country, provided that the service is reasonably calculated, under all the circumstances, to give actual notice. Because Ms. Tsarbopoulos was domiciled in Washington State and because we conclude the service upon Dr. Tsarbopoulos was both effective under Greek law and reasonably calculated to give him notice, we reverse the order of the trial court vacating the marital status order.
But child support and property division orders both require in personam jurisdiction over the affected party. Under the due process clause, a Washington court may not assert personal jurisdiction over Dr. Tsarbopoulos unless he has at least minimum contacts with the state of Washington. Because Dr. Tsarbopoulos did not have minimum contacts with the state of Washington, we affirm the order of the trial court vacating the property division and child support orders.

FACTS
Kristi Lee Tsarbopoulos and Anthony Tsarbopoulos were married in Ohio on December 12, 1986. They separated approximately 13 years later, on December 29, 1999. In the interim, they had three children: Harilaos (born October 21, 1992), Ioanna (born November 24, 1995), and Iason (born July 28, 1997).
Dr. Tsarbopoulos was born and raised in Greece. He attended graduate school at Michigan State University. From 1985 to 1987, Dr. Tsarbopoulos was employed at the Mayo Clinic in Rochester, Minnesota. In 1987, the family relocated to New Jersey where Dr. Tsarbopoulos was employed at the Schering-Plough Research Institute.
In 1997, the family moved to Athens, Greece, where Dr. Tsarbopoulos currently resides. In late December 1999, Ms. Tsarbopoulos and the children left Greece and moved to Colbert, Washington, to live with *695 Ms. Tsarbopoulos's parents. Ms. Tsarbopoulos alleged that Dr. Tsarbopoulos was emotionally and physically abusive to her and the children, and she left to escape the abuse.
On January 6, 2000, a dissolution of marriage proceeding was instituted in Spokane County. On April 17, 2000, the court entered an order finding that Dr. Tsarbopoulos did not have sufficient contact with the state of Washington to impose personal jurisdiction over him. As a result, the dissolution action was dismissed in March 2002.
A second dissolution of marriage action was commenced on April 22, 2002. Ms. Tsarbopoulos retained a Greek attorney who employed a process server to effectuate service upon Dr. Tsarbopoulos. The process server attempted to serve Dr. Tsarbopoulos at his place of employment, an underground chemical laboratory in the Goulandris National History Museum, but Dr. Tsarbopoulos was not present. Consequently, the process server left the documents with Evangelos Gikas, whom the process server stated was Dr. Tsarbopoulos's "working assistant" at the museum. Clerk's Papers (CP) at 23.
Dr. Tsarbopoulos failed to respond or appear in the matter, and an order of default was entered on August 12, 2002. A decree of dissolution, parenting plan, and order of child support were entered on September 11, 2002. The decree of dissolution awarded property to Ms. Tsarbopoulos in the amount of a payment of $63,500, reflecting Ms. Tsarbopoulos's one-half interest in a joint investment account. The decree also ordered Dr. Tsarbopoulos to pay to Ms. Tsarbopoulos $10,000 for her attorney fees, and ordered him to pay child support.
The order of child support obligated Dr. Tsarbopoulos to pay $10,397.40 in back child support, and $2,599.35 per month from that date forward. The parenting plan provided that the children would reside with Ms. Tsarbopoulos and imposed restrictions upon Dr. Tsarbopoulos's contact with the children and Ms. Tsarbopoulos.
Several months later, Dr. Tsarbopoulos appeared and moved to vacate the decree of dissolution and the other orders that had been entered. After a hearing, the court ordered the decree of dissolution vacated. The court held that the service was ineffective under RCW 26.27.081. Also, the court found that the long-arm jurisdiction under RCW 4.28.185 did not apply factually to this case.
The court allowed the parties to brief the issue of statutory interpretation through a motion for reconsideration. On July 30, 2003, the court issued a memorandum opinion and order denying Ms. Tsarbopoulos's request for reconsideration. The order states that Ms. Tsarbopoulos contends that the service was perfected under Greek law, and Dr. Tsarbopoulos disputes that assertion. The court finds that both parties provide declarations supporting their positions, and therefore "[t]he court is without sufficient undisputed information and evidence to determine who is correct. The burden is on the party who is asserting jurisdiction." CP at 281.
The court next states that under Washington law, the service would not have been sufficient. The court stated, "[t]here are ways that notice could have been clearly given as required by the statute including personal service or service by mail. Service by either of these methods would have resolved the problem for petitioner and would have assured that the respondent had notice. Given the fact that such was not done and that the legality of service under Greek law is disputed, the court finds that notice and service requirements were not met." CP at 281-82.
Ms. Tsarbopoulos appeals.

ANALYSIS
Child Custody. Jurisdiction over custody matters must be determined consistent with the subject matter requirements of chapter 26.27 RCW, the UCCJA. The UCCJA bases its jurisdiction on the child's connection with the state. RCW 26.27.201. Accordingly, custody proceedings are proceedings in rem or proceedings affecting status. Personal jurisdiction over an affected parent is not a requirement. RCW 26.27.201(3). Due process, however, requires that Dr. Tsarbopoulos be given notice and the opportunity to be *696 heard in accordance with the UCCJA. RCW 26.27.241(1). Under the UCCJA, Washington courts are to treat the resident of a foreign country as if he or she were a resident of a sister state for purposes of applying articles 1 and 2. RCW 26.27.051(1). Article 1 contains the notice provisions at issue here in RCW 26.27.081.
RCW 26.27.081. RCW 26.27.081 provides:
(1) Notice required for the exercise of jurisdiction when a person is outside this state may be given in a manner prescribed for service of process by the law of the state in which the service is made or given in a manner reasonably calculated to give actual notice, and may be made in any of the following ways:
(a) Personal delivery outside this state in the manner prescribed for service of process within this state;
(b) By any form of mail addressed to the person to be served and requesting a receipt; or
(c) As directed by the court, including publication if other means of notification are ineffective.
The term used throughout the statute is "may." As a result, we interpret the phrase "and may be made in any of the following ways" as providing permissive or discretionary methods rather than mandatory ones. Granite Beach Holdings, L.L.C. v. Dep't of Natural Resources, 103 Wash.App. 186, 206-07, 11 P.3d 847 (2000) (citing Amren v. City of Kalama, 131 Wash.2d 25, 35 n. 8, 929 P.2d 389 (1997)). In other words, if the foreign state where service is effectuated provides for a method of service that is not one of the enumerated methods, as in this case, the statute authorizes service by the alternate method approved by the foreign state. See also CR 4(i)(1).
Service under Greek Law. Next, the court must consider whether the service of Dr. Tsarbopoulos was effective under Greek law. The trial court observed that it had received contradictory declarations; therefore, the court was "without sufficient undisputed information and evidence to determine who is correct." CP at 281. The court decided the issue for Dr. Tsarbopoulos because the burden to prove jurisdiction fell upon Ms. Tsarbopoulos, and she failed to do so.
In support of their respective positions, the parties retained Greek attorneys who provided the court with declarations regarding proper service under Greek law. Ms. Tsarbopoulos's attorney, Titika Nikea-Mouratoglou, declared that the code of civil procedure provides for service of judicial documents at a person's residence, store, office, or laboratory. She also stated that the law provides if the person is not present at these places, the documents may be left with a director of the store, office, or laboratory, or to one of the partners, colleagues, employees, or servants.
Dr. Tsarbopoulos's Greek attorney, D. Boubouris, does not dispute Ms. Nikea-Mouratoglou's interpretation of the code. His declaration states:
Under Greek law, service of a judicial document may be effected either at the residence of the person who is being served the document or at his place of employment or wherever else this person may be found. For service of a judicial document at the place of employment to be legal and valid, it must only be effected at a private shop, office or laboratory and delivered in the hands of the director or one of the partners, associates, employees or servants....
CP at 114. Mr. Boubouris asserts that service was not proper because Mr. Gikas, who accepted delivery of the documents, was not a director, partner, associate or permanent employee, but "a person ... who works at the said Museum under neither of the said capabilities." CP at 114.
Mr. Boubouris does not explain his assertion that Mr. Gikas, whom Mr. Boubouris concedes works at the museum, did not qualify as a colleague or associate of Dr. Tsarbopoulos. By contrast, Ms. Tsarbopoulos provided evidence in the record that Mr. Gikas has repeatedly collaborated with Dr. Tsarbopoulos in the course of Dr. Tsarbopoulos's work. For example, Mr. Gikas and Dr. Tsarbopoulos have given joint presentations at conferences, and they have published several articles together about their joint projects and research. Additionally, a website lists *697 Dr. Tsarbopoulos as a biochemist and head of the Bioanalytical Lab, and also lists Mr. Gikas as a pharmacist under Dr. Tsarbopoulos.
Dismissal of a complaint for a lack of personal jurisdiction is a question of law subject to de novo review when the underlying facts are undisputed. Harbison v. Garden Valley Outfitters, Inc., 69 Wash.App. 590, 595, 849 P.2d 669 (1993). In this case, both Greek counsel agree upon the proper methods of service required under Greek law. The undisputed evidence indicates that Dr. Tsarbopoulos and Mr. Gikas are associates, and have collaborated on many projects and research. Additionally, the evidence shows both men work at the Goulandris National History Museum, Dr. Tsarbopoulos's place of employment. We conclude that service was given in a manner reasonably calculated to give actual notice to Dr. Tsarbopoulos and was effectuated in a manner sufficient under Greek law. Consequently, notice was sufficient under Greek law, RCW 26.27.081, and applicable due process standards. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
Other Relief. In addition to granting custody of the Tsarbopoulos's children to Ms. Tsarbopoulos, the dissolution decree granted other relief, including the dissolution of the parties' marriage, calculation of child support obligations, and division of property. A proceeding dissolving marital bonds is a proceeding in rem. Where one party is domiciled in the state, the court has jurisdiction over the marriage and may dissolve it, even though the court is unable to obtain in personam jurisdiction over the nonresident spouse. Hudson v. Hudson, 35 Wash.App. 822, 833-34, 670 P.2d 287 (1983); Ghebreghiorghis v. Dep't of Labor & Indus., 92 Wash.App. 567, 573-74, 962 P.2d 829 (1998). By contrast, child support and property dispositions both require in personam jurisdiction over the affected person. In re Marriage of Peck, 82 Wash.App. 809, 815-18, 920 P.2d 236 (1996) (citing Kulko v. Superior Court of Cal., 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)).
Method of Service. To satisfy due process, service of process must be performed with sufficient diligence to provide notice and opportunity to be heard. 20 KENNETH W. WEBER, WASHINGTON PRACTICE: FAMILY & COMMUNITY PROPERTY LAW § 30.5, at 20 (1997). The constitutional requirement is that notice must be "`reasonably calculated, under all the circumstances'" to reach the intended person. In re Marriage of McLean, 132 Wash.2d 301, 308, 937 P.2d 602 (1997) (quoting Mullane, 339 U.S. at 314, 70 S.Ct. 652). The due process requirements of notice and opportunity to be heard apply regardless of whether the asserted jurisdiction is classified as in personam or in rem. 20 WEBER, supra, at 20; In re Marriage of Johnston, 33 Wash.App. 178, 179-80, 653 P.2d 1329 (1982). Additionally, notice must be given in the manner prescribed by Washington's court rules and statutes. In re Marriage of Logg, 74 Wash.App. 781, 784, 875 P.2d 647 (1994).
CR 4.1(a) provides that "[a]ctions authorized by RCW 26.09 shall be commenced by filing a petition or by service of a copy of a summons together with a copy of the petition on respondent as provided in rule 4." When personal service is made outside the state of Washington and long-arm jurisdiction is asserted, there are additional statutory requirements. Under the long-arm statute, a respondent may be served outside the state of Washington if service cannot be made within the state. RCW 4.28.185(3). The long-arm statute, nevertheless, requires that the respondent be personally served. Typically, the statute provides service of process may be made upon any person who is subject to the jurisdiction of a court of this state by personally serving that person outside the state, as provided in RCW 4.28.180. RCW 4.28.185(2).
The statutory requirements for effective service of an out-of-state resident are impacted by CR 4(i), which provides for a number of alternative methods for service in a foreign country. In part, CR 4(i) provides that service of the summons and complaint may be effectuated in the manner prescribed by the laws of the foreign country, provided that the service is reasonably calculated, under all *698 the circumstances, to give actual notice. In other words, the manner in which Dr. Tsarbopoulos was served satisfied Washington's service requirements, provided service was sufficient under Greek law and further provided it met the constitutional requirements of notice and opportunity to be heard.
We have already concluded that the method by which Dr. Tsarbopoulos was served was sufficient under Greek law and satisfied constitutional due process. Accordingly, notice was given in a manner prescribed by Washington court rules and statutes. For that reason, we reverse the order of the trial court vacating the order granting a dissolution of the parties' marriage. Because Ms. Tsarbopoulos was domiciled in Washington State and because Dr. Tsarbopoulos was provided notice and the opportunity to be heard, the court had jurisdiction over the marriage and the power to dissolve it.
Personal Jurisdiction. Even if the method by which Dr. Tsarbopoulos was served complied with Washington court rules and statutes, a Washington court may not assert personal jurisdiction over him unless he has at least minimal contacts with the state of Washington. RCW 4.28.185; Kulko, 436 U.S. at 92, 98 S.Ct. 1690. In order to provide for child support and divide the parties' property, the trial court requires personal jurisdiction over Dr. Tsarbopoulos.
RCW 4.28.185 states that a person submits to the jurisdiction of a Washington court when living in a marital relationship within the state notwithstanding subsequent departure from the state. The statute also provides that a person submits to the jurisdiction of the court by engaging in the act of sexual intercourse within the state with respect to which a child may have been conceived. As the trial court observed, these provisions in the long-arm statute are not factually applicable to this case.
Ms. Tsarbopoulos nevertheless argues that her husband should be deemed to have submitted to the personal jurisdiction of Washington by his conduct. Specifically, she emphasizes his failure to support their children, the borrowing of money from her parents for family obligations, and Dr. Tsarbopoulos's use of her parents' address upon a British Airways account. In response, Dr. Tsarbopoulos argues that these actions were insufficient to allow the court to exercise personal jurisdiction over him.
In Kulko, the United States Supreme Court examined the very same question that is being presented to us  the adequacy of the contacts to warrant an exercise of long-arm jurisdiction over a noncustodial parent who is not supporting his children. Kulko holds that in order to sustain the foreign state's exercise of jurisdiction in a support action, the noncustodial parent's contacts with that state must be based on contacts by which the parent purposefully avails himself or herself of the privilege of conducting activities there, and of the benefits and protection of its laws. Kulko, 436 U.S. at 94, 98 S.Ct. 1690. Conversely, the contacts will not suffice if the noncustodial connections with the foreign state are "too attenuated." Id. at 91, 98 S.Ct. 1690.
The father in Kulko had custody of his daughter but acquiesced to her request that she be sent to live with her mother in California. Thereafter, the father failed to provide support for his daughter. Kulko concludes that the father's act of sending his daughter to California and failing to support her there evidenced an insufficient intent to obtain a corresponding benefit in California sufficient to make equitable California's exercise of personal jurisdiction. Id. at 91, 97, 98 S.Ct. 1690.
Here, the contacts with Washington are even less substantial than the contacts with California in Kulko. Dr. Tsarbopoulos did not consent to the relocation of his children from Greece to Washington. While Dr. Tsarbopoulos's failure to support his children is reprehensible, Kulko holds a parent's failure to pay child support to a child residing in Washington does not, by itself, give Washington courts jurisdiction over the nonpaying parent. In re Marriage of Peck, 82 Wash.App. 809, 814-17, 920 P.2d 236 (1996); In re Marriage of Yocum, 73 Wash.App. 699, 705, 870 P.2d 1033 (1994). Although Dr. Tsarbopoulos's failure to support his children benefits him financially, the benefit does not result *699 from his contacts or relationship with Washington State, which is the test adopted by Kulko.
The additional facts urged by Ms. Tsarbopoulos  financial support provided by her family and Dr. Tsarbopoulos's use of the Washington address to qualify for airline mileage benefits  are insufficient to allow the court to exercise jurisdiction within due process standards. The acts are too attenuated and do not evidence the required intent to obtain an economic benefit as a result of a contact with Washington State. In short, we conclude that Dr. Tsarbopoulos's failure to support his children and his other contacts with Washington State are insufficient to permit the court to assert personal jurisdiction over him consistent with due process standards.
Waiver. Ms. Tsarbopoulos contends that Dr. Tsarbopoulos waived his right to rely upon the defense of defective service of process. She contends that Dr. Tsarbopoulos failed to ask for an immediate ruling by the court on his asserted defense, and instead chose to wait for nearly one year before he asserted the defense. As a result, she argues, Dr. Tsarbopoulos waived his right to assert defective service.
Washington recognizes that in certain cases the common law doctrine of waiver will preclude assertion of insufficient service of process. Lybbert v. Grant County, 141 Wash.2d 29, 38, 1 P.3d 1124 (2000). If the defendant's assertion of the defense is inconsistent with his or her previous behavior, or if defendant's counsel has been dilatory in asserting the defense, insufficient service may be considered waived as a matter of law. King v. Snohomish County, 146 Wash.2d 420, 424, 47 P.3d 563 (2002).
The King court noted, "[t]he doctrine is designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage." Id. Further, the King court stressed the importance of raising procedural defenses "before any significant expenditures of time and money had occurred and at a time when the [plaintiff] could have remedied the defect." Id. at 426, 47 P.3d 563.
In this case, Dr. Tsarbopoulos appeared for the first time by filing a motion for relief from judgment on February 20, 2003. In that motion, he argued that the judgment was void for lack of jurisdiction based upon insufficiency of process. While Dr. Tsarbopoulos appeared rather late, approximately five months after the decree of dissolution and the related orders were entered, this delay alone will not support a finding of waiver. Dr. Tsarbopoulos did not otherwise appear in the case, nor did he engage in discovery, file responsive pleadings, or behave in any manner inconsistent with an intent to assert this defense. As a result, insufficient facts exist to support a finding of waiver. The trial court did not err by declining to find that Dr. Tsarbopoulos waived his right to assert the defense of lack of jurisdiction based upon insufficient service of process.
In summary, we reverse the order of the superior court vacating the child custody order and the order granting a dissolution of marriage. In all other respects, we affirm the order of the superior court.
WE CONCUR: SWEENEY, A.C.J., and SCHULTHEIS, J.