225 P.3d 1035 (2010)
RALPH'S CONCRETE PUMPING, INC., a Washington corporation, Respondent,
v.
CONCORD CONCRETE PUMPS, INC., a foreign corporation, Appellant.
No. 63297-3-I.
Court of Appeals of Washington, Division 1.
February 22, 2010.
*1036 Gavin W. Skok, Mindy L. DeYoung, Riddell Williams PS, Seattle, WA, for Appellant.
Geoffrey P. Knudsen, Attorney at Law, Seattle, WA, Franklin G. Dinces, The Dinces Law Firm, Gig Harbor, WA, for Respondent.
COX, J.
¶ 1 At issue is whether service of process by mail on a foreign corporation pursuant to Superior Court Civil Rule (CR) 4(i)(1)(D) is sufficient to confer personal jurisdiction in Washington courts where personal service under the long arm statute, RCW 4.28.185, was not made. Because CR 4 conditions service under that court rule on a statute providing for foreign service that contains "no provision prescribing the manner of service," and the long-arm statute expressly provides for personal service, service under CR 4 was not authorized here. Moreover, Ralph's Concrete Pumping, Inc. failed to make and file an affidavit that established that "service cannot be made within this state," as required by the long-arm statute. Accordingly, the default judgment against Concord Concrete Pumps, Inc. is void. We reverse.
¶ 2 The dispositive facts are undisputed. Ralph's is a corporation registered in Washington State. Concord is a corporation registered in British Columbia, Canada, where it maintains offices. This action arises out of an alleged breach of a contract under which Ralph's agreed to purchase a concrete pump and truck from Concord.
¶ 3 It is undisputed that Ralph's neither personally served Concord nor filed the affidavit required under Washington's long-arm statute.
¶ 4 Concord did not answer or otherwise respond to the summons and complaint and Ralph's obtained a default judgment against Concord exceeding $175,000.
¶ 5 Thereafter, Concord made a special appearance, moving to vacate the default judgment. Concord argued that the judgment *1037 was invalid because the trial court did not have personal jurisdiction since Ralph's failed to comply with the long-arm statute. The trial court denied the motion.
¶ 6 Concord appeals.
¶ 7 Ralph's sued Concord for breach of contract, alleging damages in excess of $100,000. Ralph's served Concord in Canada by mail, in accordance with CR 4(i)(1)(D). A Concord representative acknowledged receipt of the summons and complaint by signing a U.S. Postal Global Express delivery receipt.

PERSONAL JURISDICTION

Service of Process
¶ 8 Concord argues that the default judgment against it should be vacated for lack of personal jurisdiction because Ralph's failed to comply with Washington's long-arm statute, RCW 4.28.185, which requires personal service and an affidavit attesting that service cannot be made within the state. We agree.
¶ 9 A Washington court may assert personal jurisdiction over an out-of-state defendant if the long-arm statute is satisfied and if the assumption of jurisdiction meets the requirements of due process by comporting with traditional notions of fair play and substantial justice.[1] Because statutes authorizing service on out-of-state parties are in derogation of common law personal service requirements, they must be strictly construed.[2]
¶ 10 Proper service of process is basic to personal jurisdiction.[3] "Mere receipt of process and actual notice alone do not establish valid service of process."[4]
¶ 11 We review de novo a trial court's denial of a motion to vacate a default judgment for lack of jurisdiction.[5] Moreover, we also review de novo questions of statutory interpretation.[6]
¶ 12 Here, Ralph's does not dispute that it failed to personally serve Concord, as the long-arm statute requires. We look first to that statute to determine the effect of the failure to comply with the personal service requirement.
¶ 13 The long-arm statute, RCW 4.28.185(2), specifies the required manner of service of process on defendants located outside of this state who are subject to the jurisdiction of Washington courts based on the acts specified in the statute:
Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.[[7]]
RCW 4.28.180 specifies the form and method of service of the summons to be used in effectuating personal service outside of the state.
¶ 14 In this case, Ralph's did not personally serve Concord. Rather, Ralph's mailed the summons to Concord's British Colombia offices, in accordance with CR 4(i)(1)(D). Ralph's claims that court rule is a permissible alternative to the personal service requirement of the long-arm statute.
¶ 15 CR 4(i)(1)(D) provides:
(i) Alternative Provisions for Service in a Foreign Country.
(1) Manner. When a statute or rule authorizes service upon a party not an inhabitant *1038 of or found within the state, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made:
. . .
(D) by any form of mail, requiring a signed receipt, to be addressed and mailed to the party to be served.
¶ 16 Ralph's argues that the above subdivision of CR 4 applies because it permits service by any form of mail that requires a signed receipt, and for two additional reasons. First, the long-arm statute, RCW 4.28.185(2), uses permissive rather than mandatory language: service of process "may be made by personally serving the defendant outside [of the] state."[8] Second, RCW 4.28.185(6) states that the long-arm statute does not limit the right to serve process by any other method provided by law:
Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.
We conclude that these arguments are unpersuasive.
¶ 17 The chief problem with Ralph's argument that service by mail under CR 4(i)(1)(D) is a permissible alternative to the personal service requirement of the long-arm statute is that the argument ignores other material provisions of CR 4. Specifically, CR 4(e)(1) provides:
Generally. Whenever a statute or an order of court thereunder provides for service of a summons . . . upon a party not an inhabitant of or found within the state, service may be made under the circumstances and in the manner prescribed by the statute or order, or if there is no provision prescribing the manner of service, in a manner prescribed by this rule.[[9]]
¶ 18 As Ralph's correctly observes, "[a] rule of court must be construed so that no word, clause or sentence is superfluous, void or insignificant."[10] Here, the statute that provides for service of a summons on a person not found within this state is the long-arm statute. CR 4(e)(1) expressly conditions service on a foreign party under the provisions of that rule on the absence of any "provision prescribing the manner of service" in the relevant statute providing for out-of-state service. But the long-arm statute expressly provides for personal service of a summons on an out-of-state defendant.
¶ 19 Because the condition of CR 4(e)(1) is not met for purposes of the long-arm statute, the service by mail provisions of CR 4(i)(1)(D) do not apply here. Accordingly, service of the summons was invalid.
¶ 20 Ralph's argues that the service provisions of CR 4(i)(1)(D), a court rule, should prevail over the service requirements of RCW 4.28.185(2), a legislative enactment on procedure, in the event of a conflict. Assuming the validity of this statement of law, it is inapplicable in this case because there is no conflict between the court rule and the statute. The statute controls.
¶ 21 In re Marriage of Tsarbopoulos,[11] on which Ralph's relies, does not require a different result here. That was a dissolution proceeding in which a wife moved with her children to Washington and commenced a proceeding to dissolve the marriage to her husband, who remained in Greece.[12] The wife directed the process server to serve a summons and petition for dissolution of marriage at her husband's office.[13] The summons was left with a person who worked with the husband.[14] The husband did not appear in the proceeding, and the court entered a dissolution decree, parenting plan, and child support order by default.[15] Months later, the husband appeared and moved to vacate the orders, claiming the court lacked personal *1039 jurisdiction because service of process was invalid.[16] The superior court granted the motion to vacate the orders.[17]
¶ 22 The court of appeals reversed the vacation of the marital status order.[18] According to the court, Washington courts have jurisdiction to enter a dissolution decree if one party is domiciled in Washington and the other party is served by a method authorized by Washington's court rules and statutes.[19] CR 4(i)(1)(A) permits service in a foreign country in a manner prescribed by the laws of that country.[20] The husband had been personally served with the summons in accordance with the laws of Greece.[21] Thus, service was sufficient in that case.[22]
¶ 23 Seizing on this portion of the court's discussion in Tsarbopoulos, Ralph's argues that the service of summons by mail under CR 4(i)(1)(D) in this case conforms to the manner of service prescribed by British Columbia for sufficient service in an action in its courts of general jurisdiction and thus confers jurisdiction on Washington courts. We disagree.
¶ 24 As we have already explained, the alternative provisions for service in a foreign country discussed in CR 4(i) are conditioned on CR 4(e). Specifically, service in a manner prescribed by the rule is permissible only when "a statute . . . provides for service of a summons . . . upon a party not an inhabitant of or found within the state" and "there is no provision prescribing the manner of service." Here, the long-arm statute mandates personal service. Thus, CR 4(i) does not apply.
¶ 25 The Tsarbopoulos court did not have occasion to examine the interaction of CR 4(i) and CR 4(e) because the court had "jurisdiction to enter a decree of dissolution if one party is domiciled in Washington State and the other party is served by a method authorized by Washington's court rules and statutes."[23] The method of service was authorized by court rule and was therefore valid. Thus, Tsarbopoulos does not stand for the proposition that mere compliance with the service rules of Canada makes service of process by mail sufficient to establish personal jurisdiction in this case.
¶ 26 This case is not a marriage dissolution case, but rather one arising from a claim that Concord subjected itself to the jurisdiction of this state by one or more of the acts specified in the long-arm statute. Application of the principles that arise from a marriage dissolution and child custody action governed by the Uniform Child Custody Jurisdiction Act, chapter 26.27 RCW, and the Uniform Marriage and Divorce Act, chapter 26.09 RCW, simply does not provide proper guidance in the case before us. Tsarbopoulos is distinguishable.
¶ 27 Ralph's did not personally serve Concord as required by Washington's long-arm statute. CR 4(i)(1)(D) was not an effective alternative method of service to establish personal jurisdiction over Concord. "Basic to litigation is jurisdiction, and first to jurisdiction is service of process. When a court lacks personal jurisdiction over a party, the judgment obtained against that party is void."[24] Here, the default judgment entered against Concord is void because the court lacked personal jurisdiction due to insufficient service of process.[25]

*1040 Long-Arm Statute Affidavit

¶ 28 Concord provides another reason why the default judgment against it should be vacated even if service by mail is permitted under CR 4(i)(1)(D). Concord argues that Ralph's failure to comply with the affidavit requirement of RCW 4.28.185(4) is fatal. We agree.
¶ 29 RCW 4.28.185(4) states that personal service outside the state "shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state." No such affidavit was made or filed.
¶ 30 "Substantial, rather than strict, compliance with RCW 4.28.185(4) is permitted."[26] "[S]ubstantial compliance means that, viewing all affidavits filed prior to judgment, the logical conclusion must be that service could not be had within the state."[27] If there is no compliance with the affidavit requirement of RCW 4.28.185(4), personal jurisdiction does not attach to the defendant and the judgment is void.[28]
¶ 31 Here, it is undisputed that Ralph's did not file an affidavit as required by the long-arm statute. The default judgment is void for lack of personal jurisdiction.
¶ 32 Ralph's argues that no affidavit was required in this case because it served Concord under the alternative method provided in CR 4(i)(1)(D), which does not require the filing of an affidavit. As we have explained, CR 4 does not provide an effective alternative method of service in this case. The lack of the affidavit required by the long-arm statute is fatal to personal jurisdiction. The default judgment is void for this additional reason.

ATTORNEY FEES
¶ 33 Concord argues that it is entitled to attorney fees under RCW 4.28.185(5). We hold that the relevant statute does not support an award of fees in this case.
¶ 34 RCW 4.28.185(5), the statute on which Concord relies, provides:
In the event the defendant is personally served outside the state on causes of action enumerated in [RCW 4.28.185], and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.[[29]]
¶ 35 "`When the words in a statute are clear and unequivocal, this court is required to assume the Legislature meant exactly what it said and apply the statute as written.'"[30] Here, the plain words of the statute make clear that attorney fees are only allowed if the defendant was personally served. Concord was not personally served. Service by mail was the alternative that Ralph's used. Fees are not awardable.
¶ 36 We reverse the order denying Concord's motion to vacate the default judgment and set aside the entry of default.
WE CONCUR: SCHINDLER, C.J., and GROSSE, J.
NOTES
[1] State ex rel. Coughlin v. Jenkins, 102 Wash.App. 60, 64, 7 P.3d 818 (2000).
[2] Haberman v. Washington Pub. Power Supply Sys., 109 Wash.2d 107, 177, 744 P.2d 1032 (1987) (citing State ex rel. Hopman v. Superior Court for Snohomish County, 88 Wash. 612, 617, 153 P. 315 (1915)).
[3] Pascua v. Heil, 126 Wash.App. 520, 526, 108 P.3d 1253 (2005).
[4] Haberman, 109 Wash.2d at 177 (citing City of Spokane v. Dep't of Labor & Indus., 34 Wash.App. 581, 584, 663 P.2d 843, review denied, 100 Wash.2d 1007 (1983)).
[5] Sharebuilder Sec., Corp. v. Hoang, 137 Wash. App. 330, 334, 153 P.3d 222 (2007).
[6] Id.
[7] (Emphasis added.)
[8] (Emphasis added.)
[9] (Emphasis added.)
[10] State v. Durham, 13 Wash.App. 675, 679, 537 P.2d 816 (1975) (internal citations omitted).
[11] 125 Wash.App. 273, 104 P.3d 692 (2004).
[12] Id. at 277, 104 P.3d 692.
[13] Id.
[14] Id.
[15] Id.
[16] Id.
[17] Id.
[18] Id. at 278, 104 P.3d 692.
[19] Id.
[20] Id.
[21] Id.
[22] Id.
[23] Tsarbopoulos, 125 Wash.App. at 278, 104 P.3d 692.
[24] Rodriguez v. James-Jackson, 127 Wash.App. 139, 143, 111 P.3d 271 (2005) (internal citations omitted); see also In re Marriage of Hill, 53 Wash.App. 687, 689-90, 769 P.2d 881 (1989) (vacating default judgment because of failure to make personal service on out-of-state defendant); Haberman, 109 Wash.2d at 177-78, 744 P.2d 1032 (strict compliance with personal service requirement required).
[25] In re Marriage of Markowski, 50 Wash.App. 633, 635-36, 749 P.2d 754 (1988) ("Proper service of the summons and complaint is essential to invoke personal jurisdiction over a party, and a default judgment entered without proper jurisdiction is void.").
[26] Sharebuilder Sec., 137 Wash.App. at 334, 153 P.3d 222; see also Sammamish Pointe Homeowners Ass'n v. Sammamish Pointe LLC, 116 Wash.App. 117, 124, 64 P.3d 656 (2003); Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp., 66 Wash.2d 469, 472, 403 P.2d 351 (1965).
[27] Sharebuilder Sec., 137 Wash.App. at 334-35, 153 P.3d 222.
[28] Id. at 335, 153 P.3d 222.
[29] (Emphasis added.)
[30] State v. Newlum, 142 Wash.App. 730, 744, 176 P.3d 529, review denied, 165 Wash.2d 1007, 198 P.3d 513 (2008) (quoting Duke v. Boyd, 133 Wash.2d 80, 942 P.2d 351 (1997)).