**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANE RIORDAN; THOMAS J. RIORDAN,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>POWERS FASTENERS INC., a foreign corporation,<br><br>Defendant - Appellee. | No. 11-35901<br><br>D.C. No. 2:11-cv-01207-RSL<br><br>MEMORANDUM[*] |
| DIANE RIORDAN; THOMAS J. RIORDAN,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>POWERS FASTENERS INC., a foreign corporation,<br><br>Defendant - Appellant. | No. 11-36003<br><br>D.C. No. 2:11-cv-01207-RSL |

Appeal from the United States District Court
for the Western District of Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert S. Lasnik, District Judge, Presiding

Submitted December 6, 2012[**]
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District Judge.[***]

The district court's order to dismiss is affirmed. The plaintiffs failed to follow the statutory requirements for personal service under Wash. Rev. Code § 4.28.080(9).

When the plaintiffs' process server arrived at the defendant's facility after business hours, he served a maintenance supervisor who had stayed late to solve a power failure. Under no construction of the statute can an employee with such limited responsibility qualify as a "managing agent." *See Crose v. Volkswagenwerk Aktiengesellschaft*, 88 Wash. 2d 50, 58–59, 558 P.2d 764 (1977). The plaintiffs failed to serve any of the persons enumerated in the statute. *See Witt v. Port of Olympia*, 126 Wash. App. 752, 757–58, 109 P.3d 489 (2005).

We need not consider whether Washington would apply a theory of apparent authority to personal service because the defendant, the supposed principal, did

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

nothing to create a reasonable belief that the maintenance supervisor had any representative authority. *See Estep v. Hamilton*, 148 Wash. App. 246, 258–59, 201 P.3d 331 (2008).

The district court's denial of statutory attorneys' fees is also affirmed. There was no "personal service" under Wash. Rev. Code § 4.28.080. Therefore, the defendant could not have been "personally served," a predicate for attorneys' fees under § 4.28.185(5). *See Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 154 Wash. App. 581, 591–92, 225 P.3d 1035 (2010).

**AFFIRMED.**