IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Parenting and Support of: | No. 86271-5-I |
| R.E.G., | DIVISION ONE |
| EMMALEE BONNER, | |
| Appellant, | UNPUBLISHED OPINION |
| and | |
| TRAVIS GERRARD, | |
| Respondent. | |

SMITH, C.J. — Travis Gerrard and Emmalee Bonner met and began dating in Canada in October 2015. In August 2016, Bonner moved to Washington State while pregnant with Gerrard's child. The child was born in Washington in January 2017. Gerrard was present at the birth and signed an "Acknowledgment of Paternity."

In 2018, Bonner petitioned for child support and a parenting plan. Because Gerrard failed to appear, the trial court entered a default judgment against him for child support. In 2023, Gerrard moved to vacate the judgment for insufficient service and lack of personal jurisdiction. The trial court granted Gerrard's motion based on lack of jurisdiction, vacating the 2018 child support order. Bonner appeals, asserting that the trial court erred because Gerrard availed himself of the laws of Washington State by signing the Acknowledgment

of Paternity and, therefore, was subject to personal jurisdiction. We disagree and affirm.

FACTS

Travis Gerrard and Emmalee Bonner met in Halifax, Nova Scotia, Canada and began dating in October 2015. The couple moved in together shortly thereafter but never married. They lived together in Canada until August 2016, when Bonner moved to Washington with her parents. Bonner was pregnant with Gerrard's child when she moved.

Over the course of Bonner's pregnancy, Gerrard visited Washington three times, never for more than eight days at a time. Gerrard was present at the birth of their child and signed an Acknowledgment of Paternity. In signing the document, Gerrard acknowledged that it was the equivalent of a judicial determination of parentage and accepted responsibility to provide child support as determined by applicable law. Gerrard has not returned to Washington since July 2017. He has not been involved in Bonner's or their child's life since that time.

In 2018, Bonner petitioned for a parenting plan and child support in Snohomish County Superior Court. The court entered a default order of child support against Gerrard when he did not appear. Gerrard failed to pay the ordered child support until 2022, when the Nova Scotia Department of Justice Maintenance Enforcement Program garnished his wages due to his nonpayment.

Gerrard then challenged the child support order, arguing that he had not received service and that the court lacked personal jurisdiction.[1]

A Snohomish County court commissioner determined that the court lacked personal jurisdiction, which rendered the underlying judgment void. Upon Bonner's Motion for Revision, the trial court vacated the 2018 default order for child support.

Bonner appeals.

ANALYSIS

We review a trial court's decision to grant or deny a motion to vacate for lack of jurisdiction de novo. Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).

Personal Jurisdiction

Bonner asserts that Gerrard purposely availed himself of the laws of Washington State by signing the Acknowledgement of Paternity and therefore subjected himself to personal jurisdiction within the state. Bonner also contends that Gerrard's failure to pay child support constitutes the commission of a tort under the Washington long-arm jurisdictional statute.[2] Gerrard disagrees, arguing that he did not establish sufficient minimum contacts to be subject to

---

[1] The trial court did not adjudicate the question of sufficient service. Without personal jurisdiction, proper service would not remedy the issue. However, Bonner attempted to serve Gerrard by mail and sent the process to an incorrect address. Although Bonner attempts to argue that the address was simply "stylistically different," Bonner sent notice to the wrong address and Gerrard was never served.

[2] RCW 4.28.185.

personal jurisdiction and that none of his actions meet the requirements of a long-arm statute.

Because Washington's long-arm statutes do not apply and Gerrard's conduct did not constitute minimum contact sufficient to establish personal jurisdiction, we conclude that the trial court lacked jurisdiction to impose the child support order.

1. Minimum Contacts

Courts may exercise personal jurisdiction over an out-of-state defendant if that defendant has " 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " State v. LC Electronics, Inc., 185 Wn. App. 394, 411, 341 P.3d 346 (2015) (alteration in original) (internal quotation marks omitted) (quoting Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)). To meet such minimum contacts, " 'there [must] be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State.' " Kulko v. Superior Court of California In and For City and County of San Francisco, 436 U.S. 84, 94, 98 S. Ct. 1690, 1698, 56 L. Ed. 2d 132 (1978) (second alteration in original) (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1238 (1958)) . An Acknowledgment of Paternity alone is sufficient to establish personal jurisdiction only in a proceeding to challenge the acknowledgement or denial of parentage. RCW 26.26A.245.

Otherwise, a noncustodial parent's contacts with a foreign state will not suffice if their connections are too attenuated, or the quality and nature of the

their activities in the state are such that it would be unreasonable or unfair to require them to conduct their defense in that state. Kulko, 436 U.S. at 92. "A parent's failure to pay child support to a child residing in Washington does not, by itself, give Washington courts jurisdiction over the nonpaying parent." In re Marriage of Tsarbopoulos, 125 Wn. App. 273, 287, 104 P.3d 692 (2004).

Gerrard's conduct does not constitute minimum contact sufficient to establish personal jurisdiction.

Gerrard has never lived in Washington State. In fact, Gerrard has only travelled to Washington three times and has never spent more than eight days at a time in the state. He has not returned to Washington since July 2017. His physical contacts with the state, therefore, are insufficient to establish personal jurisdiction.

Bonner asserts that, in signing the Acknowledgment of Paternity, Gerrard purposely availed himself of the privilege of conducting activities in Washington or the benefits and protections of its laws and thus meets the minimum contact requirement. But an Acknowledgment of Parentage only expressly establishes personal jurisdiction in proceedings challenging that acknowledgment. It does not create blanket personal jurisdiction for any potential claim. Although Gerrard's failure to support his child does benefit him financially, the benefit does not result from his contacts or relationship with Washington State. Gerrard's contact with the State must be sufficient, separate and apart from the Acknowledgement of Paternity, to establish that it would not be unreasonable or unfair to require him to conduct his defense in Washington.

5

Beyond a few visits during Bonner's pregnancy and for the child's birth, the record displays that Gerrard has no other contacts with the state. With such little contact, requiring Gerrard to conduct his defense in Washington is unreasonable.

### 2. Long-Arm Statutes

Bonner next asserts that the trial court has personal jurisdiction over Gerrard based on Washington's long-arm statutes. We again disagree.

A court may have jurisdiction over an out-of-state defendant if their conduct falls under a long-arm statute. RCW 4.28.185, RCW 26.26A.415(2). The Washington long-arm jurisdictional statute lists the acts that will subject a person to personal jurisdiction in Washington, including the commission of a tortious act within the state, the act of sexual intercourse within the state with respect to which a child may have been conceived, and living in a marital relationship within the state. RCW 4.28.185.

The Washington Uniform Parentage Act (WUPA), RCW 26.26A, contains an additional long-arm statute that applies specifically to parentage actions. RCW 26.26A.415(2). RCW 26.21A.100 extends personal jurisdiction if, in order to enforce a support order, "[t]he individual is personally served with a citation, summons, or notice within this state[,] . . . [t]he individual submits to the jurisdiction of this state by consent in a record . . . [or] [t]he individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse."

6

Here, the three potentially relevant provisions of the Washington long-arm statute cover an act of sexual intercourse that results in the conception of a child, living in a marital relationship within the State, and the commission of a tortious act. None are applicable.

Gerrard was never married to Bonner and the conception of their child took place in Canada. So, the question of personal jurisdiction under the Washington Long Arm Statute turns on whether Gerrard committed a tort in Washington. Bonner contends that Gerrard committed a tort in failing to pay child support. But as expressly detailed in Tsarbopoulos, failure to pay child support does not, by itself, give Washington courts jurisdiction over the nonpaying parent. 125 Wn. App. at 287. Bonner continues on to argue that, in signing the Acknowledgment of Paternity, Gerrard did more than simply fail to pay child support. But to reiterate, the Acknowledgment of Paternity does not constitute contacts sufficient to establish personal jurisdiction. And as further detailed in Tsarbopoulos, failure to pay child support in conjunction with otherwise insufficient contacts with the state is not enough to establish personal jurisdiction. 125 Wn. App. at 287.

As to the WUPA long-arm statute, Gerrard was not served with a citation, summons or notice within Washington State and the child was conceived in Canada. Therefore, the question is whether Gerrard submitted to the personal jurisdiction of the state by consent in the record, by entering a general appearance, or by filing a document having the effect of waiving any contest to personal jurisdiction. He did not.

7

First, Gerrard did not expressly consent to personal jurisdiction in the record. Bonner asserts that Gerrard consented by signing the Acknowledgment of Paternity, which stated "each party declares under penalty of perjury under the laws of the state of Washington." But Gerrard only consented to personal jurisdiction when adjudicating parentage. The boilerplate language does not establish that he consented to any and all personal jurisdiction. Next, Gerrard did not appear before a Washington court. In fact, Gerrard's lack of appearance resulted in the default order at the base of this appeal. And lastly, Gerrard did not file a document having the effect of waiving any contest to personal jurisdiction. The Acknowledgment of Paternity, which is the only document that Gerrard filed, does not include any language precluding Gerrard from challenging personal jurisdiction.

Because neither the Washington state long-arm jurisdictional statute or the WUPA long-arm statute applies and because Gerrard's conduct did not constitute minimum contacts sufficient to establish personal jurisdiction, the trial court lacked jurisdiction to impose the child support order.

We affirm.

_____
Smith, C.J.

WE CONCUR:

_____
Díaz, J.

_____
Birk, J.

8