[No. 12494-1-III.   Division Three.   November 30, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. ARMONDO
TERRILL LUNA, *Appellant.*

*C. Bradley Chinn* and *C. Bradley Chinn, P.S.,* for appel-
lant.

*Donald C. Brockett, Prosecuting Attorney,* and *William H.
Reeves, Deputy,* for respondent.

SPERLINE, J.* — Armondo Terrill Luna, a juvenile, appeals his conviction for taking a motor vehicle without permission. Mr. Luna, who was convicted as an accomplice to the crime, contends (1) the court's oral and written findings of fact are insufficient to afford meaningful appellate review, and (2) the evidence was not sufficient to support his conviction. We reverse.

During the late evening of October 15 and early morning of October 16, 1991, a group of juveniles was engaged in vehicle prowling. The group included Mr. Luna, Chris Lauriton, Darrick Brown, Ronald Brasher, and perhaps others. They began the evening in a white 1986 Camaro driven by Mr. Lauriton. At one point, Mr. Lauriton stopped the Camaro, exited, and walked away. The other occupants of the car, including Mr. Luna, got out of the Camaro, but stood near the car.

Suddenly, a red pickup truck sped past the group, Mr. Lauriton at the wheel. The other boys jumped back into the Camaro, Mr. Luna driving, and followed the truck onto the freeway, where it eventually pulled over onto the shoulder. Mr. Lauriton got out of the truck and back behind the wheel of the Camaro. Mr. Brown then took Mr. Lauriton's place in the truck, and Mr. Luna sat in the back seat of the Camaro. Mr. Brown drove the truck recklessly, causing substantial damage to it, and eventually abandoned it in an alley near an apartment complex.

Shelly Marquis was at the apartment complex near where the truck was abandoned. She saw the red pickup truck in the alley and noticed three men, one of whom she later identified as Mr. Luna, walking toward the truck. Believing the group looked suspicious, Ms. Marquis called for her brother, who yelled at the group. The three men fled, entered another pickup truck and drove away.

There is no dispute that the red pickup truck, owned by Thomas Vinion, was stolen by Mr. Lauriton, nor that Mr.

---

*Judge Evan E. Sperline is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

Brown drove the truck knowing it was stolen. On the other hand, there is no evidence that Mr. Luna knew of Mr. Lauriton's intentions before he took the truck, nor that he knew of Mr. Brown's intention to drive it when they stopped on the freeway. Mr. Luna admitted that he knew the truck was stolen when he followed it in the Camaro, and that he drove the Camaro in a race with the truck, during which the truck was damaged.

At the close of the evidence, the court made oral findings and a decision, concluding that Mr. Luna was guilty beyond a reasonable doubt of being an accomplice to taking the truck. After Mr. Luna filed notice of appeal, written findings and conclusions were entered pursuant to JuCR 7.11(d). In relevant part, those findings and conclusions, which do not vary materially from the oral findings, are as follows:

> 2. . . . There is no question that the defendant was not the one who actually stole the vehicle, a friend of his did. The question is whether the defendant aided in the commission of the crime.
>
> 3. The defendant is fifteen (15) years old and was the designated driver of the car used to transport members of the group involved in the auto theft. The defendant is not old enough to drive under the circumstances. The evidence indicates the defendant was out with the boys for the purpose of drinking.
>
> 4. A vehicle was stolen. From the testimony, at trial, the defendant knew that the vehicle was stolen. He had to know that. The group the defendant was with that night engaged in "jockey boxing" or vehicle prowling. While the defendant stated he was not engaged in jockey boxing or had any intent to do so. [*sic*] This Court does not believe the defendant. He was involved with the group when the vehicle was stolen and continued to participate after the vehicle was stolen. The defendant assisted in stealing the vehicle as much as if he had driven it off himself.
>
> 5. This Court finds that there is evidence beyond a reasonable doubt to convict the defendant . . .[.]

Mr. Luna first contends that the court's oral and written findings of fact and conclusions of law are insufficient to afford meaningful appellate review. As the court's written and oral findings do not differ from each other in any significant detail, there is no need to analyze them separately. They are sufficient to afford meaningful appellate review.

■ The court must enter written findings and conclusions in a juvenile case that is appealed. JuCR 7.11(d); *State v. Commodore*, 38 Wn. App. 244, 684 P.2d 1364, *review denied*, 103 Wn.2d 1005 (1984). These written findings must meet a mandatory minimum standard: "The findings shall state the ultimate facts as to each element of the crime and the evidence upon which the court relied in reaching its decision." JuCR 7.11(d). *See Commodore*, at 250. The purpose of written findings is to allow the reviewing court to determine the basis on which the case was decided, and to review the issues raised on appeal. *State v. Pena*, 65 Wn. App. 711, 715, 829 P.2d 256 (1992).

The findings are sufficient to allow this court to determine the basis on which the case was decided. The defendant was involved with a group of juveniles who were "jockey boxing"[1] when the vehicle was stolen, knew the vehicle was stolen, and continued to participate after the vehicle was stolen. Finding of fact 4. This is the basis on which the court concluded that the defendant assisted in stealing the vehicle as much as if he had driven it off himself. Thus, the court's findings are sufficient to permit review.

Mr. Luna next contends that the evidence is not sufficient to support his conviction. He is correct.

■ The relevant inquiry on a challenge to the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *State v. Chapin*, 118 Wn.2d 681, 691, 826 P.2d 194 (1992); *State v. Green*, 94 Wn.2d 216, 616 P.2d 628 (1980). In this case, there is no dispute that Mr. Vinion's truck was taken without permission. There is likewise no dispute that Mr. Luna did not personally take the truck, drive it or ride in it. Thus, his liability for the crime depends solely upon whether he was an accomplice.

---

[1] "Jockey boxing" to these individuals meant stealing items from parked cars.

The crime of taking a motor vehicle without permission can be committed either by intentionally driving the vehicle away, or by voluntarily riding in the vehicle with knowledge that it was unlawfully taken. RCW 9A.56.070(1). Thus, both Mr. Lauriton and Mr. Brown are guilty, under the evidence, as principals to that crime. Mr. Luna may be guilty as an accomplice if the State's evidence establishes the requisite elements of accomplice liability as to either Mr. Lauriton's crime or Mr. Brown's.

The essential elements of accomplice liability are set forth as follows:

> (3) A person is an accomplice of another person in the commission of a crime if:
> (a) With *knowledge* that it will promote or facilitate the commission of the crime, he
> (i) solicits, commands, encourages, or requests such other person to commit it; or
> (ii) aids or agrees to aid such other person in planning or committing it;

(Italics ours.) RCW 9A.08.020(3).

█ A defendant is not guilty as an accomplice unless he has associated with and participated in the venture as something he wished to happen and which he sought by his acts to make succeed. *State v. J-R Distribs., Inc.*, 82 Wn.2d 584, 593, 512 P.2d 1049 (1973), *cert. denied*, 418 U.S. 949 (1974); *State v. Castro*, 32 Wn. App. 559, 563, 648 P.2d 485, *review denied*, 98 Wn.2d 1007 (1982). Mere presence at the scene of a crime, even if coupled with assent to it, is not sufficient to prove complicity. The State must prove that the defendant was ready to assist in the crime. *State v. Rotunno*, 95 Wn.2d 931, 933, 631 P.2d 951 (1981); *In re Wilson*, 91 Wn.2d 487, 491, 588 P.2d 1161 (1979).

The State's evidence is insufficient to prove that Mr. Luna possessed the mental state required of an accomplice. While Mr. Luna knew, after the fact, that Mr. Lauriton took the truck without permission, there is no evidence that he knew of, or even suspected, Mr. Lauriton's intent before the theft occurred. Neither can it rationally be concluded under the evidence that Mr. Luna, by following the stolen truck in the

Camaro, promoted or facilitated the theft, or aided Mr. Lauriton in stealing the truck. Mr. Luna did not, by driving away in the Camaro, seek to make the theft succeed, since it had already occurred and he was unaware of Mr. Lauriton's plans after that point.

While a person may be an accomplice if his conduct aids another in planning or committing the crime, the aid must be rendered with knowledge that it will promote or facilitate the crime. *State v. Rotunno, supra.* There is no evidence Mr. Luna had such knowledge. It is true that he transported Mr. Brown to the point on the freeway where Mr. Brown committed the crime; however, there is no evidence, direct or circumstantial, to suggest that Mr. Luna knew that Mr. Lauriton was going to stop the stolen truck, or that Mr. Brown was going to take over driving it. Therefore, Mr. Luna cannot have known that he was aiding in that crime by driving Mr. Brown to the place where it occurred.

We reverse the conviction.

THOMPSON, C.J., and MUNSON, J., concur.