IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71911-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUVIM ALEKSANDROVICH KHOMYAK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 21, 2015 |
| | ) | |

VERELLEN, A.C.J. — Ruvim Khomyak appeals his conviction for residential

burglary. He contends the trial court violated his right to a speedy trial and improperly

admitted evidence of plea negotiations. He also argues that insufficient evidence

supported his conviction. We affirm.

## FACTS

On the afternoon of June 24, 2013, Carol Williams saw a group of five or six

people running into the backyard of her neighbor Patricia Spromberg's house. She later

saw a man getting into a blue Nissan Pathfinder and another man walking away

carrying a bag. Both men were wearing gloves. Williams called 911.

Officers found Spromberg's back door kicked in. Officers also discovered a

cigarette butt on the ground next to the door. The cigarette butt still had ash on the tip,

indicating it had recently been discarded. The interior of Spromberg's house had been

"ransacked" with "property strewn about."[1] When Spromberg returned home, she noticed that her jewelry, some antiques, and her deceased husband's ashes were missing, as well as a pillowcase from her bed.

DNA[2] on the cigarette butt matched that of Khomyak. Detective Daniel Rabelos of the Everett Police Department interviewed Khomyak in connection with the burglary. Khomyak stated he could not recall what he was doing on the day of the burglary because he was using Xanax, methamphetamine, and heroin at the time. When Detective Rabelos asked Khomyak "if he was saying that he did not do it," Khomyak "said that he was not saying that, he was saying that he did not remember."[3] At the end of the interview, Khomyak asked Detective Rabelos to "hurry up and charge him so that he could plead guilty."[4]

The State charged Khomyak with residential burglary. Prior to trial, the State sought to introduce Khomyak's statement to Detective Rabelos regarding his desire to plead guilty. Khomyak objected, arguing that the statement was barred by Evidence Rule (ER) 410. The trial court admitted the statement, stating, "I don't think that's what the rule is for. That's in relation to whether or not your client is going to plead guilty during the proceedings, not statements that he made to the police at the time of the arrest.[5]

A jury convicted Khomyak as charged. Khomyak appeals.

---

[1] Report of Proceedings (RP) (Apr. 16, 2014) at 61.

[2] Deoxyribonucleic acid.

[3] RP (Apr. 16, 2014) at 117.

[4] Id. at 118.

[5] RP (Apr. 15, 2014) at 14.

2

<u>DECISION</u>

*Speedy Trial*

Khomyak argues that his conviction must be reversed and dismissed because the trial court violated his right to a speedy trial pursuant to CrR 3.3 by granting continuances requested by the prosecutor without a sufficient showing of good cause.

CrR 3.3(b)(1)(i) requires that a defendant who is in custody be brought to trial within 60 days of arraignment. However, under CrR 3.3(f)(2), a trial court may continue the trial date "when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense." Continuances are excluded from the 60-day time for trial period.[6]

We review a trial court's decision to grant a continuance under CrR 3.3 for an abuse of discretion.[7] A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons.[8]

Khomyak was arraigned on November 27, 2013, and the trial court set a trial date of January 10, 2014, with a speedy trial expiration date of January 27. On January 3, the parties agreed to continue the trial date to February 28, with an expiration date of March 30.

On February 28, the State requested to continue the trial date until April 4. The prosecutor informed the trial court that Spromberg was "a snow bird" who lived in California during the winter months.[9] The prosecutor stated that Spromberg did not

---

[6] CrR 3.3(e).

[7] <u>State v. Downing</u>, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004).

[8] <u>State v. Lord</u>, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007).

[9] RP (Feb. 28, 2014) at 3.

plan to return to Seattle until early April and "it would be an inconvenience for her to have to come up and testify" before that time.[10] The prosecutor also stated that he was unavailable the following week due to another trial. Khomyak objected to the continuance. The trial court stated that it would find good cause to continue the case to March 14, with an expiration date of April 15, due to the prosecutor's trial schedule, and that it would permit the State to renew its motion "after they get additional information in relation to the witness who's unavailable."[11] The trial court's order continuing the case cited the reason for the continuance as "the deputy prosecutor's unavailability due to being in trial on another matter."[12]

On March 13, the State again moved to continue the trial date until April 4. Khomyak again objected. The trial court found there was not good cause for a continuance excludable under CrR 3.3 because the State failed to show that Spromberg was "unavailable" instead of merely "unwilling."[13] However, the trial court agreed to continue the trial date until April 4 "because time for trial doesn't even run out until nearly two weeks after she evidently is going to be back."[14] Defense counsel responded, "I would be prepared on that date as well."[15]

On April 4, the State moved to continue the trial date to April 11 because its DNA expert was unavailable due to her responsibility for conducting an audit of the

---

[10] Id.

[11] Id. at 10.

[12] Clerk's Papers (CP) at 146.

[13] RP (Mar. 13, 2014) at 5.

[14] Id. at 9.

[15] Id. at 10.

Washington State Patrol Crime Laboratory. The trial court continued the trial date to April 11, with an expiration date of May 12, due to "unavailability of essential State's witness Dr. Beverly Himick."[16]

On April 11, the trial date was continued to April 15, but the basis for this continuance was not made a part of the record on appeal. Trial began on April 15.

Khomyak argues that the trial court violated CrR 3.3 in granting the continuances on February 28 and March 13, contending that Spromberg's living arrangements were not a legitimate reason to continue the trial date. But neither continuance violated Khomyak's speedy trial rights. The trial court's order on February 28 indicates that the purpose of the continuance was to accommodate the prosecutor's trial schedule. It is well established that a trial court does not abuse its discretion by granting a continuance based on a prosecutor's scheduling conflict from a different trial assignment.[17] And the March 13 continuance did not extend the speedy trial expiration period. "[D]ismissal is mandated . . . only when the applicable speedy trial period has expired. Absent such a violation, a defendant must demonstrate actual prejudice to obtain dismissal."[18] Khomyak does not identify how he was prejudiced by the March 13 continuance.

*Evidence Rule 410*

Khomyak contends the trial court erred in allowing Detective Rabelos to testify that Khomyak asked to be charged quickly so that he could plead guilty. Khomyak argues that the trial court should have excluded the statement pursuant to ER 410.

---

[16] CP at 144.

[17] See, e.g., State v. Flinn, 154 Wn.2d 193, 200, 110 P.3d 748 (2005); State v. Carson, 128 Wn.2d 805, 814, 912 P.2d 1016 (1996); State v. Krause, 82 Wn. App. 688, 698, 919 P.2d 123 (1996).

[18] State v. Hall, 55 Wn. App. 834, 841, 780 P.2d 1337 (1989).

We review the interpretation of an evidentiary rule de novo.[19] If a trial court has correctly interpreted the rule, we review the decision to admit or exclude evidence for abuse of discretion.[20]

ER 410 involves the admissibility of evidence of plea negotiations. It provides, in relevant part:

> [E]vidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.

But application of the rule is limited to plea negotiations between the defendant and prosecuting attorneys or their agents who possess express authority to plea bargain.[21] There is no evidence that Detective Rabelos had authority to negotiate a plea agreement or represented to Khomyak that he had such authority. The trial court correctly determined that ER 410 did not apply to Khomyak's statement.

Khomyak's reliance on State v. Nowinski[22] and State v. Hatch[23] is misplaced. In Nowinski, during an interview with detectives, the defendant expressed interest in a plea agreement. Detectives told the defendant they did not have the authority to negotiate a plea agreement and called in a prosecutor to speak to the defendant. The prosecutor told the defendant that he could not offer a plea agreement "that night" but would take

---

[19] State v. DeVincentis, 150 Wn.2d 11, 17, 74 P.3d 119 (2003).

[20] Id.

[21] State v. Pizzuto, 55 Wn. App. 421, 434, 778 P.2d 42 (1989).

[22] 124 Wn. App. 617, 102 P.3d 840 (2004).

[23] 165 Wn. App. 212, 267 P.3d 473 (2011).

the information back to his office to consider.[24] Here, no prosecutor was present or involved in Detective Rabelos's interview. In Hatch, the defendant requested multiple continuances of the trial date in order to obtain a psychological evaluation to demonstrate that he was a suitable candidate for a treatment-based alternative sentence. The prosecutor agreed to the continuances and suggested a plea hearing could be set if the evaluation provided "all the information we need."[25] The defendant's incriminating statements made to the psychologist were inadmissible because they were made during the course of ongoing plea negotiations with the prosecutor.[26] Here, Khomyak's statements were made spontaneously to Detective Rabelos rather than as part of plea negotiations.

### Sufficiency of the Evidence

Finally, Khomyak argues that the evidence was insufficient to convict him of residential burglary. He contends that the evidence at best showed he was merely present at the scene of the crime. We disagree.

Evidence is sufficient to support a conviction if, when viewed in a light most favorable to the State, it permits a rational trier of fact to find the elements of the crime beyond a reasonable doubt.[27] A defendant challenging the sufficiency of the evidence admits the truth of the evidence and all rational inferences that may be drawn from it.[28]

---

[24] Nowinski, 124 Wn. App. at 624-25.

[25] Hatch, 165 Wn. App. at 215.

[26] Id. at 215-19.

[27] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[28] State v. Thomas, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

Circumstantial and direct evidence are equally probative, and we defer to the trier of fact on conflicting testimony, witness credibility, and the persuasiveness of the evidence.[29]

A person is guilty of residential burglary if he "enters or remains unlawfully in a dwelling other than a vehicle" with "intent to commit a crime against a person or property therein."[30] A person is an accomplice of another person in the commission of a crime if, "[w]ith knowledge that it will promote or facilitate the commission of the crime, he or she (i) [s]olicits, commands, encourages, or requests such other person to commit it; or (ii) [a]ids or agrees to aid such other person in planning or committing it."[31] However, "[m]ere presence at the scene of the crime, even if coupled with assent to it, is not sufficient to prove complicity. The State must prove that the defendant was ready to assist in the crime."[32]

Here, the State's evidence was sufficient to convict Khomyak of residential burglary. Williams called police immediately after she observed men entering Spromberg's backyard and leaving with a bag. Police found Spromberg's back door kicked in and several valuable items from her house stolen. DNA on a cigarette butt found next to the back door matched that of Khomyak. The cigarette butt still had ash on the tip, which showed that Khomyak had recently discarded it. Spromberg did not know Khomyak and he did not have any reason to be at her home. A rational trier of fact could have found, based on the circumstantial evidence, that Khomyak was an accomplice to the burglary by acting as a lookout. Moreover, Khomyak asked

---

[29] State v. Raleigh, 157 Wn. App. 728, 736-37, 238 P.3d 1211 (2010).

[30] RCW 9A.52.025(1).

[31] RCW 9A.08.020(3)(a).

[32] State v. Luna, 71 Wn. App. 755, 759, 862 P.2d 620 (1993).

Detective Rabelos to charge him with the crime so that he could plead guilty. The evidence, taken together, was sufficient to support the conviction.

     Affirmed.

WE CONCUR: