# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

              Respondent,

    v.

DONALD JANEL LEGRONE,

              Appellant.

No. 74526-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 12, 2017

LEACH, J. — Donald Legrone appeals his conviction for first degree burglary and fourth degree assault. He contends he was denied his constitutional right to a unanimous jury verdict because the State failed to prove one of the charged alternative means of first degree burglary and the trial court did not instruct the jury that it must be unanimous as to the means.

A defendant is entitled to jury unanimity as to guilt on the crime charged. But the jury need not be unanimous about the means when substantial evidence supports each of the means by which the State charged the crime. Here, substantial evidence supported each means.

Legrone contends, and the State concedes, that his conviction for fourth degree assault incorrectly contains a domestic violence designation. This designation does not impact his sentence. Thus, we remand this case to superior court to amend the judgment and sentence by deleting the domestic violence designation for the fourth degree assault conviction. In all other respects we affirm the judgment and sentence.

## FACTS

On October 23, 2013, Briana Lensegrav, a heroin addict who supported her habit by working as a prostitute, arranged a date with Peter Smith, a repeat client, at the Garden Suites Motel where she had been staying.

As Lensegrav and Smith concluded their date, Charles Rodriguez and Legrone entered the room through a window without permission. Smith testified that Rodriquez was angry and grabbed Lensegrav's hair, throwing her onto the bed. Legrone indicated that Smith should head to the bathroom. Smith complied. But when Legrone was distracted, Smith ran for the motel door. Legrone kicked the door, smashing Smith's arm and head. Legrone grabbed Smith's jacket, ripping it, but Smith was able to escape.

Legrone said that they should leave because Smith was probably going to call the police. Legrone led Lensegrav out through the front door to his car. As Legrone was pulling out of the motel driveway, he stopped for Rodriguez, who got in the back seat. They drove to a rural area. As they were driving up a gravel road, Rodriguez told Lensegrav that she was going to die.

After the car stopped, Rodriguez started hitting Lensegrav and repeated that she was going to die. When Rodriquez stopped, Legrone began to hit her. While Legrone was hitting her, Legrone told Lensegrav to pull her pants down and masturbate. Both threatened Lensegrav's family and son if she were to run or go to the authorities.

Afterward, Legrone drove Rodriquez to another motel. Lensegrav slept in the car and awoke when they were transferring cars. After providing Lensegrav with heroin, Legrone took her to her motel and gave her $100.

At her mother's urging, Lensegrav called the police who took her to a hospital where she was diagnosed with a fractured cheekbone.

The State charged Legrone and Rodriquez with first degree burglary, first degree kidnapping, and second degree assault.[1] The jury found Legrone guilty of first degree burglary and a lesser included charge of fourth degree assault. The jury could not reach a unanimous verdict on the kidnapping charge.

Legrone appeals. He contends that the State presented insufficient evidence to prove his conviction for first degree burglary. He also alleges his conviction for the misdemeanor fourth degree assault was improperly designated as a domestic violence crime.

## ANALYSIS

### Sufficient evidence

Legrone contends his constitutional right to a unanimous jury verdict under article I, section 21 of the Washington Constitution was violated because the State failed to prove one of the charged alternative means of first degree burglary and the trial court did not instruct the jury that it must be unanimous as to the means.

First degree burglary is an alternative means crime. It can be committed by entering a building unlawfully with intent to commit a crime or by remaining unlawfully with this intent.[2] Legrone does not dispute that he entered the motel unlawfully, only that the

---

[1] Legrone was also charged with two counts of possession of heroin on October 25, 2013, with intent to deliver in violation of the Uniform Controlled Substances Act, chapter 69.50 RCW. That charge was severed.

[2] RCW 9A.52.020(1); State v. Allen, 127 Wn. App. 125, 131, 110 P.3d 849 (2005).

State failed to prove that he did so with the intent to commit a crime. Where sufficient evidence supports both means, the jury need not decide unanimously on one means.[3]

Sufficient evidence supports a conviction if, when viewed in the light most favorable to the State, a rational trier of fact could have found guilt beyond a reasonable doubt. By making this challenge, Legrone "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom."[4]

Here, the State charged Legrone as both a principal and an accomplice to Rodriguez. RCW 9A.52.020 provides,

> (1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person.

While mere presence at the crime is insufficient to prove accomplice liability, the evidence here supports a jury finding that Legrone was "ready to assist in the crime."[5] The State presented evidence of threatening texts that Rodriguez sent to Lensegrav shortly before breaking in. Although Lensegrav told Rodrigues that she would contact him after her date left, Rodriguez replied that he was going to "come break that window out if you don't answer that phone, and come in there and beat your ass." Minutes later, Rodriguez and Legrone both entered through the rear window of the motel room. This startled both Lensegrav and Smith. Legrone intimidated Smith by ordering him to the bathroom, while

---

[3] State v. Ortega-Martinez, 124 Wn.2d 702, 707-09, 881 P.2d 231 (1994); State v Armstrong, No. 93119-4, slip op. at 6 (Wash. May 11, 2017), http://www.courts.wa.gov/opinions/pdf/931194.pdf.

[4] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[5] State v. Luna, 71 Wn. App. 755, 759, 862 P.2d 620 (1993).

Rodriguez grabbed Lensegrav by the hair and threw her down. When Smith ran for the door, Legrone chased him, kicking the door to try and prevent him from leaving. The door struck Smith, causing him pain. Legrone then tried to stop Smith by grabbing his jacket. Smith managed to escape.

A rationale trier of fact could conclude from this evidence that Legrone meant to enter the room to help Rodriquez attack Lensegrav. Legrone's actions to contain Smith could reasonably be seen as helping Rodriguez by keeping Smith from aiding Lensegrav or escaping to contact the authorities for help. Sufficient evidence supports the conviction for first degree burglary.

## Misdemeanor Judgment and Sentence

Legrone contends, and the State concedes, that the judgment and sentence for fourth degree assault incorrectly contained a domestic violence designation as there was no evidence that Legrone had a relationship with Lensegrav. We accept the State's concession.

## Statement of Additional Grounds

In a statement of additional grounds, Legrone alleges violations of the court's witness exclusion ruling, the confrontation clause, prosecutorial misconduct, inadmissible testimony, and ineffective assistance of counsel. None of these claims has any merit.

## Appellate Costs

Finally, Legrone asks this court to deny the State appellate costs based on his indigency. We generally award appellate costs to the substantially prevailing party on review. However, when a trial court makes a finding of indigency, that finding continues

throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency."[6] Here, the trial court found Legrone indigent. If the State has evidence indicating significant improvement in Legrone's financial circumstances since the trial court's finding, it may file a motion for costs with the commissioner.

In conclusion, we remand the matter to superior court to amend the judgment and sentence by deleting the domestic violence designation for the fourth degree assault conviction. In all other respects we affirm the judgment and sentence.

WE CONCUR:

---

[6] RAP 14.2.